[Crim. No. 10053.   Second Dist., Div. Four.   Aug. 27, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN
OPPENHEIMER, Defendant and Appellant.

John Oppenheimer, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—For the reasons set out below, we modify the judgment of conviction heretofore entered against defendant and affirm the judgment as so modified.

By an information filed by the District Attorney of Los Angeles County on October 16, 1961, defendant was charged with ". . . the crime of ESCAPE FROM THE CUSTODY OF A DEPUTY SHERIFF OF THE COUNTY OF LOS ANGELES, In Violation of Section 4532, Penal Code, a felony . . . while charged with a felony to wit, Extortion, and while convicted of a crime, to wit, Violation of Section 594, Penal Code, a misdemeanor." After a trial before a jury, defendant was found guilty of "attempted escape, a lesser and necessarily and included offense as charged in the information."

On January 10, 1962, judgment on that verdict was pronounced, the judgment reciting that defendant had been found guilty of ". . . the crime of ATTEMPTED ESCAPE (Secs 664-4532 PC), a felony, a lesser offense than that charged in the information but necessarily included therein . . ." Defendant was sentenced to state prison for the term prescribed by law, the sentence was suspended and probation was granted defendant, on condition that he spend the first 90 days in the county jail, and on other conditions. Defendant appealed from the judgment. This court sustained the conviction, rejecting the several contentions made by defendant against it, but, because it appeared that probation had been imposed over defendant's objections, we entered judgment here, as follows: "The judgment is reversed and the case remanded to the trial court for the purpose of vacating the order granting probation, rearraigning defendant and imposing a proper sentence under sections 654 and 4532 of the Penal Code (see *People* v. *Siegel, supra,* 198 Cal. App.2d 676 [18 Cal.Rptr. 268])." (*People* v. *Oppenheimer* (1963) 214 Cal.App.2d 366, 372 [29 Cal.Rptr. 474].)

As the opinion on the first appeal points out, defendant had been charged, in a single count, with violations of both subdivision (a) and subdivision (b) of section 4532 of the Penal Code. In our judgment, we referred to section 654 to emphasize the fact that, since there was only a single attempt to escape, only a single punishment could be imposed even

though both subdivisions of the section were applicable. We cited *People* v. *Siegel,* since that case had held that, in view of the terms of section 4532, an attempted escape was punishable under it and not under section 664 (the general attempt statute), but that, if the sentence imposed was that called for in section 4532, erroneous references in pleadings and verdict to section 664 were not material.

On April 17, 1964, defendant appeared before the Honorable William H. Rosenthal, the judge of the trial court who had presided at the first trial, for the purpose of carrying out our mandate above quoted. Defendant objected to appearing before that judge and, at his request (the judge consenting) the matter was transferred to a different department of the trial court, where it was heard, before another judge, on April 27, 1964.

On arraignment before the second judge, and pursuant to our mandate, the order granting probation was vacated. Defendant thereupon tendered an oral motion for a new trial. The court ruled that the motion was timely but, after argument, denied it, as well as a motion in arrest of judgment. Probation was denied and a state prison sentence imposed. From this new judgment, pronounced on April 27, 1964, and entered on April 30, 1964, defendant again appealed. At his request, we appointed counsel for him on this appeal and a "Report of Counsel" was filed by him. Since defendant stated to us that he was dissatisfied with the representation so made, and at his request, we relieved appointed counsel and permitted defendant to file his own briefs and to argue the appeal in propria persona. Also, at his request, we ordered the record augmented by transmittal to us of the original superior court file in this matter. We have considered all of the documents appearing in the record as originally filed in this court on this appeal, all of the documents contained in the superior court file, the record and file in this court on the first appeal, and all of the other documents filed with us by defendant or by his counsel in connection with the present appeal. After such consideration, we make a clarification in the modification of the judgment appealed from and again affirm the judgment as so modified.

## I

On remand with directions, after a judgment on appeal, the trial court has jurisdiction only to follow the directions of the appellate court; it cannot modify, or add to,

those directions. (3 Witkin, Cal. Procedure (1954) Appeal, § 188 and cases there cited; Witkin, Cal. Criminal Procedure (1963) Appeal, § 727.) It is clear that our direction, in this case, was to correct the only error which we found on the first appeal—namely the improper grant of probation. At the first trial, the court had imposed a valid prison sentence, and then (utilizing the alternative procedure allowed by section 1203.1 of the Penal Code), had suspended that sentence and granted probation. ■ Since our mandate directed only that the order granting probation be vacated, and the original sentence be corrected in the particulars above referred to, it follows that the time for making a motion for a new trial had long since passed, since, under Penal Code section 1182, such a motion must be made prior to judgment. ■ Since the motion for a new trial was not timely made, any errors in connection with its denial are immaterial; the court had no power to receive, or to act upon, the motion.

In this state of the record, we have before us only the errors allegedly committed in denying probation, and in failing properly to correct the original sentence.

II

Defendant contends that the judgment on the first appeal precluded the trial court from taking any action other than the grant of probation. As authority, he cites and relies on *People* v. *Henderson* (1963) 60 Cal.2d 482 [35 Cal.Rptr. 77, 386 P.2d 677], and on *In re Ferguson* (1965) 233 Cal. App.2d 79 [43 Cal.Rptr. 325]. But that reliance is misplaced. Defendant sought, and obtained a partial reversal on the ground that, as allowed by law (*In re Osslo* (1958) 51 Cal.2d 371 [334 P.2d 1]), he had rejected the trial court's offer of probation. ■ But a defendant must accept or reject probation in its entirety. He cannot dictate the terms of probation, which are solely in the discretion of the trial court. Our first opinion found the terms, as originally pronounced, legally valid. When defendant rejected those terms, he stood before the court subject to the execution of the prison sentence theretofore pronounced on him. ■ Under our mandate, the trial court was revested with jurisdiction to entertain a new application for probation, since execution of the prison sentence had been stayed pending the first appeal (*People* v. *Causey* (1964) 230 Cal.App.2d 576 [41 Cal.Rptr. 116]). But, when the court entertained the new application, it gave to defendant all that the law entitled him to ask. Nothing in *Henderson*, or in *Ferguson*, entitled defendant to

terms of probation less onerous than those originally imposed; and his rejection of those terms had removed that choice from the trial court's further consideration. It follows that, although the trial court could have tendered defendant probation on new and more favorable terms, it was not obligated so to do.

## III

Defendant objects, also, that no new probation report was ordered at the time of his rearraignment. It is clear from the record that defendant was offered the opportunity of having prepared and considered a current and supplementary probation report and that he expressly waived such a report.[1] Defendant had earlier, and expressly, waived the assistance of counsel in the trial court and he does not here attack that waiver. ▪ It is clear from the record, and from his briefs on the first appeal, that he was fully aware of all of his rights in connection with probation proceedings. His express waiver binds him now.

## IV

However, the new judgment and sentence, as pronounced on April 27, 1964, and entered on April 30, 1964, does not fully meet the objections to the original judgment to which, as above discussed, our mandate was directed. The new judgment recites that defendant had been found guilty of ". . . the crime of ATTEMPTED ESCAPE (Secs. 664-4532a PC),

---

[1] "THE COURT . . . . . . . . . . . .
"I have read and considered the probation report in the case.
"THE DEFENDANT: Isn't that the old probation report?
"THE COURT: Yes, sir, the old probation report.
"THE DEFENDANT: What is the date thereon, Your Honor?
"THE COURT: The date of the hearing was January 10, 1962, and the probation report was——
"THE DEFENDANT: Did the probation officer ever send my letter into the Court, the letter referred to in the opinion of the District Court of Appeal? I haven't seen this file, Your Honor.
"THE COURT: Well, the report that I have read was dictated on January 5, 1961.
"I have read and considered that report. That is the only report in the file.
"If you feel, sir, that there is anything additional that the Court should know, I will order a supplemental probation report.
"THE DEFENDANT: No. The Probation Department and I have agreed to disagree, so to speak. The probation officer and I——
"THE COURT: You are telling me now that you waive any additional supplemental probation report?
"THE DEFENDANT: Yes, Your Honor.
"THE COURT: All right.
"Well, I have read and considered the probation report that is in the file."

a felony, a lesser offense than that charged in the information but necessarily included therein . . .'' and then reimposes a state prison sentence.

In order to comply with the rule of *People* v. *Siegel, supra,* (1961) 198 Cal.App.2d 676, we modify the portion of the paragraph of the judgment above quoted to read as follows: ''. . . the crime of ATTEMPTED ESCAPE, in violation of subdivision (a) of Section 4532 of the Penal Code, a felony . . .''

As so modified, the judgment pronounced on April 27, 1964, and entered on April 30, 1964, is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied September 10, 1965, and appellant's petition for a hearing by the Supreme Court was denied October 20, 1965. Mosk, J., did not participate therein.