[Crim. No. 8708.  First Dist., Div. Three.  Jan. 14, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH WELDON THORNTON, Defendant and Appellant.

Paul Mike Goorjian, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—Does admission to probation upon a felony conviction require that the defendant be granted probation after reversal of the judgment and conviction upon retrial? That is the issue presented by this appeal.

In 1968, a jury convicted defendant of grand theft. Imposition of sentence was suspended, and he was admitted to probation for three years on condition he serve eight months in county jail and make restitution to each of his victims. He appealed and the judgment was reversed May 23 (1 Crim. No. 7149, unpublished) for error in instructions. Upon retrial, a jury again found him guilty. He was then sentenced to state prison. He now asserts that the greater punishment after reversal and retrial is impermissible.

█ In 1963, California first adopted the rule that a defendant who has been convicted, appeals, and secures reversal, cannot be subjected to a greater penalty when reconvicted, upon his second trial, of the same offense in the same degree (*People* v. *Henderson,* 60 Cal.2d 482 [35 Cal.Rptr. 77, 386 P.2d 677]). In that case, defendant had been sentenced to life imprisonment upon his guilty plea, but the death penalty was imposed after trial following reversal. In 1967 the rule was extended to bar consecutive sentences after reversal of the first judgment which had made the sentences concurrent (*People* v. *Ali,* 66 Cal.2d 277 [57 Cal.Rptr. 348, 424 P.2d 932]). Breadth of the rule is demonstrated in a 1965 decision (*In re Ferguson,* 233 Cal.App.2d 79 [43 Cal.Rptr. 325]). There defendant had been convicted of an offense punishable by incarceration in either county jail or state prison. At the first trial, the jury fixed a county jail term as the penalty. New trial was granted, and at retrial a jury ordered confinement in state prison. The court held that defendant could be compelled to serve only the lesser county jail sentence. The theory of these decisions is that "a defendant should not be required to risk being given greater punishment on a retrial for the privilege of exercising his right to appeal" (*People* v. *Ali, supra,* 66 Cal.2d at p. 281) or to move for new trial. (*In re Ferguson, supra.*)

None of these cases concerns a grant of probation at the first trial, and all make absolute the bar of increased punishment after retrial. █ We recognize, of course, that admission to probation is a matter of grace, and that a broad discretion in such matters is reposed in the trial court. It could well be unsound to extend the absolute bar to cases in which probation has been granted at first trial, if new circumstances which would have readily warranted denial or revocation of probation in the first instance, are revealed at the second trial or in the probation report filed after the second conviction. █ A reasonable solution, however, is suggested by a recent

federal decision (*North Carolina* v. *Pearce,* 395 U.S. 711 [23 L.Ed.2d 656, 89 S.Ct. 2072]). That decision imposes upon the states a federal restriction comparable to that theretofore adopted by California. Although it does not deal with the probation issue, it does hold that greater punishment can be imposed at retrial if new facts bearing upon sentence have developed after the first trial, requiring however that the sentencing judge affirmatively state for the record the circumstances which warrant the increased penalty. *Pearce,* of course, does not broaden the California rule, but states only a constitutional limit which may not be exceeded by a state. It suggests, however, an analogy readily applicable to probation cases here. The discretion of the trial court in probation matters can well be preserved by requiring of the second sentencing judge such a statement of the new facts which now warrant denial of probation. The sufficiency of such reasons can then be adequately reviewed on appeal.

Since our Supreme Court has not spoken on the subject of probation at retrial, we feel free to apply the analogy of *Pearce* to such cases. It is argued that the record and the second probation report here suggest reasons for denial of probation in, e.g. the disclosure of a new victim since the first trial, and possible efforts of defendant to render himself immune to restitution of his victims' losses. ■ Upon the present record, however, we have no indication of the court's finding of any such facts to warrant present denial of the probation which was granted after the first trial.

■ Appellant also asserts that the trial court erred when it failed to have the reporter read some testimony requested by the jury. But the failure was due to the illness (apparently quite sudden) of the reporter. The court explained the situation to the jury, and suggested alternatives to it. ■ We find no indication of any threat to keep the jury locked up until it reached a decision without reading of the testimony. Thus there is no error (see *People* v. *Gonzales,* 68 Cal.2d 467, 472-473 [67 Cal.Rptr. 551, 439 P.2d 655]).

The judgment is reversed insofar as it imposes sentence and the case is remanded for further consideration of defendant's application for probation, with direction that if probation be denied, the trial judge state the circumstances which warrant deviation from the earlier determination.

Brown (H. C.), J., and Caldecott, J., concurred.