50 Cal.Rptr.3d 855 (2006)
144 Cal.App.4th 1016
The PEOPLE, Plaintiff and Respondent,
v.
Andrew LINCOLN, Defendant and Appellant.
No. B188042.
Court of Appeal of California, Second District, Division Seven.
November 14, 2006.
*856 Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Linda C. Johnson and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.
ZELON, J.
Andrew Lincoln was convicted of three counts of attempted voluntary manslaughter and three counts of assault with a firearm, with personal use and great bodily injury allegations found true by the jury. He was sentenced on all six counts and associated enhancements, with the sentences for the assault counts and their enhancements stayed pursuant to Penal Code[1] section 654. On appeal, this court reversed his attempted voluntary manslaughter convictions and remanded with directions that if the People elected not to retry Lincoln or if he was acquitted in a retrial, the court should lift the stay of execution on the assault counts and related enhancements. When the People chose not to retry Lincoln, the trial court revisited the three previously-imposed assault sentences, ordering that they be served consecutively and altering the sentences *857 on two of three counts pursuant to their designation as consecutive sentences. Lincoln appeals, claiming that the trial court lacked jurisdiction on remand to modify his sentence and that the upper term and consecutive sentences violated his right to a jury trial under Blakely v. Washington (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Blakely). We conclude that the trial court did not have the authority on remand to sentence Lincoln consecutively; accordingly, we reverse and remand for reimposition of the trial court's original sentence.

FACTUAL AND PROCEDURAL BACKGROUND
After an altercation and shooting at a fast food establishment, Lincoln was charged with three counts of attempted murder of three victims, (§§ 664, 187) and with three counts of assault with a firearm (§ 245, subd. (a)(2)) against the same victims. At his first trial, Lincoln was convicted of one count of assault with a firearm. The jury also found true the allegations that Lincoln personally used a firearm (§ 12022.5, subd. (a)) and that he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). The jury was unable to reach a verdict on the remaining five counts; the trial court declared a mistrial as to those charges. Lincoln was sentenced on count 4 of the information and its enhancements to 17 years in state prison.
Lincoln was retried on the remaining five charges. In the second trial, he was convicted of three counts of attempted voluntary manslaughter (§§ 664, 192, subd. (a)), as a lesser included offense of attempted murder, and two counts of assault with a firearm. The trial court stayed the previously imposed sentence on count 4.[2] The court selected the lesser included offense on count 1 as the principal term and imposed the upper term sentence of 5 years 6 months for that offense. The court then imposed one-third of the midterm sentence for each of the lesser offenses corresponding to counts 2 and 3 (1 year each), and designated that those sentences would run consecutively to the principal term. Additional time in prison was imposed as a result of sentence enhancements associated with counts 1, 2, and 3 a total of 15 years 8 months. The court imposed but stayed upper term sentences on counts 5 and 6 and their enhancements pursuant to section 654. Lincoln's total sentence was 23 years 2 months.
Lincoln appealed his conviction and sentence, and in a prior unpublished opinion (People v. Lincoln (Mar. 30, 2005, B159414, 2005 WL 713787)) this court reversed his convictions for attempted voluntary manslaughter based on improper jury instructions. The disposition read, "The convictions for assault with a firearm are affirmed. The convictions for attempted voluntary manslaughter are reversed and the case remanded for further proceedings. In the event the People elect not to try the attempted voluntary manslaughter offense or, if Lincoln is retried and found not guilty of attempted voluntary manslaughter, the trial court shall lift its stay of execution of the sentence previously imposed on the assault counts."
The People elected not to retry Lincoln for attempted voluntary manslaughter. The trial court dismissed counts 1, 2, and 3, and proceeded to resentence Lincoln on counts 4, 5, and 6. The court designated *858 count 4 the principal term and imposed the upper term of 4 years, with 13 more years in enhancements related to that count (§§ 12022.5, subd. (a), 12022.7, subd. (a)). Choosing consecutive sentencing, the court then, pursuant to section 1170.1, subdivision (a), adjusted Lincoln's sentence on counts 5 and 6 and their associated enhancements. For each of those counts, Lincoln received a sentence of one-third the midterm1 yearplus 1 year 4 months for the section 12022.5, subdivision (a) enhancement, all to be served consecutively. Lincoln's total sentence was 21 years 8 months. Lincoln appeals.

DISCUSSION

I. Sentence Modification on Remand
Unless specifically designated by the trial court as consecutive, prison terms for second or subsequent judgments are served concurrently with the primary prison term. (§ 669.) When the trial court sentenced Lincoln at the conclusion of his second trial, the trial court did not specify whether the sentences that were stayed pursuant to section 654 were to be served consecutively or concurrently.[3] The trial court's sole comment concerning concurrent or consecutive sentences on these stayed counts was the trial court's assertion that its stay of the previously-imposed sentence on count 4 advantaged Lincoln, commenting, "If anything, it's a benefit to him because it's not going to be consecutive to that sentence." Regardless of whether the court intended concurrent sentencing on the stayed terms or simply failed to consider the issue, we conclude that having failed to order that the prison terms were to be served consecutively at the time of imposition of sentence, the trial court lacked jurisdiction to modify Lincoln's sentence to make those sentences consecutive upon remand from this court. "[J]urisdiction of the trial court upon issuance of the remittitur is limited to the making of orders necessary to carry the judgment into effect." (People v. Ainsworth (1990) 217 Cal.App.3d 247, 255, 266 Cal.Rptr. 175.)
"On remand with directions, after a judgment on appeal, the trial court has jurisdiction only to follow the directions of the appellate court: it cannot modify, or add to, those directions." (People v. Oppenheimer (1965) 236 Cal.App.2d 863, 865-866, 46 Cal.Rptr. 476.) Here, the remand with directions instructed the trial court that "[i]n the event the People elect not to try the attempted voluntary manslaughter offense or, if Lincoln is retried and found not guilty of attempted voluntary manslaughter, the trial court shall lift its stay of execution of the sentence previously imposed on the assault counts." (People v. Lincoln (Mar. 30, 2005, B159414) [nonpub. opn.], 2005 WL 713787, *7.) Lifting a stay does not encompass exercising sentencing discretion to alter the terms of a prison sentence. Designating the previously imposed sentences as consecutive after remand exceeded the jurisdiction conferred on the trial court by our remand.
The Attorney General argues that the trial court did in fact have the authority to modify Lincoln's sentence on remand. Relying on People v. Burbine (2003) 106 Cal. App.4th 1250, 131 Cal.Rptr.2d 628 and People v. Hill (1986) 185 Cal.App.3d 831, 230 Cal.Rptr. 109, the Attorney General contends that the court had jurisdiction to alter any portion of the sentence so long as the total aggregate prison term did not *859 increase because it "regained jurisdiction over appellant's sentence when this Court remanded the matter for resentencing." Both Hill and Burbine speak to the scope of resentencing discretion possessed by a trial court that has jurisdiction to perform that task. Hill concerns section 1170, subdivision (d), which provides that when a trial court recalls its prior sentence and resentences a defendant, the trial court has the authority to "resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d); Hill, at p. 834, 230 Cal.Rptr. 109.) As this case does not involve a trial court's recall of a sentence after commitment, section 1170, subdivision (d) is not applicable here.
The Attorney General is entirely correct that Burbine stands for the proposition that when a case is remanded for resentencing, the trial court is entitled to consider the entire sentence and is not limited to striking illegal portions of the sentence. (Burbine, supra, 106 Cal.App.4th at pp. 1258-1259,131 Cal.Rptr.2d 628.) Burbine, however, applies to cases remanded for resentencing: It is not a surprising proposition that a remand for resentencing necessarily confers jurisdiction to resentence. But in the present case there was no remand for resentencing. Instead, this court instructed the trial court to hold a retrial on the attempted voluntary manslaughter counts; or, if the People elected not to retry Lincoln, to "lift its stay of execution of the sentence previously imposed on the assault counts." (People v. Lincoln (Mar. 30, 2005, B159414) [nonpub. opn.], 2005 WL 713787, *7.) The directions from this court limited the scope of the trial court's jurisdiction to act, giving it the authority only to hold a new trial on specific counts, or, if there was no new trial or an acquittal, to lift the stay of execution on the sentence it had previously imposed. The fact that this court remanded the case to the trial court for these specific further proceedings did not confer upon the trial court the discretion to reconsider Lincoln's entire sentence, as a remand for resentencing would do. The trial court lacked jurisdiction to modify the sentence by directing that the terms run consecutively on remand.[4]

II. Blakely Issues
Turning to Lincoln's argument with respect to Blakely, supra, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, Lincoln argues that to the extent the trial court identified factual bases for the imposition of the upper term on each of the stayed terms and the gun use enhancements, those facts were not found by the jury or admitted by him and therefore may not provide a basis for the imposition of the upper terms. When the trial court imposed the instant consecutive sentence after remand from this court, it stated that it selected the high terms "for all the reasons that the court had stated at the time of the original sentencing." At the original sentencing on count 4, the trial court had cited "the circumstances of the offense; the vulnerability of the victims; and the planning that took place" as the reasons for the selecting the upper term on that count. The trial court selected the upper term for the section 12022.5, subdivision (a) enhancement because of the "opportunity to deliberate and consider the course of action; *860 the close proximity of the victims; the inherent high risk to him [the victim]
The contention that a defendant's constitutional right to a jury trial is violated by the trial court's identification of aggravating factors and imposition of upper or consecutive terms was rejected in People v. Black (2005) 35 Cal.4th 1238, 1244, 29 Cal.Rptr.3d 740, 113 P.3d 534, in which the California Supreme Court held "the judicial factfinding that occurs when a judge exercises discretion to impose an upper term sentence or consecutive terms under California law does not implicate a defendant's Sixth Amendment right to a jury trial." The court explained, "The jury's verdict of guilty on an offense authorizes the judge to sentence a defendant to any of the three terms specified by statute as the potential punishments for that offense, as long as the judge exercises his or her discretion in a reasonable manner that is consistent with the requirements and guidelines contained in statutes and court rules." (Id. at pp. 1257-1258, 29 Cal. Rptr.3d 740, 113 P.3d 534.) Lincoln does not contend that the trial court exercised its discretion in an unreasonable fashion or the sentence imposed on him was inconsistent with the requirements of the Penal Code or the California Rules of Court. Blakely, supra, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, as interpreted by the California Supreme Court in Black, therefore provides no basis to set aside or modify the sentence. (See also Washington v. Recuenco (2006) ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 [failure to submit a sentencing factor to the jury not structural error; subject to harmless error analysis].)
We do, however, observe that the United States Supreme Court has granted certiorari in Cunningham v. California (Apr. 18, 2005, A103501 [nonpub. opn.], 2005 WL 880983, cert. granted Feb. 21, 2006, ___ U.S. ___, 126 S.Ct. 1329, 164 L.Ed.2d 47), a case involving the effect of Blakely, supra, 542 U.S. 296, 124 S.Ct. 2531, on California law. We therefore reject Lincoln's Blakely argument without prejudice to any relief to which he might be entitled based on the United States Supreme Court's decision in Cunningham.

DISPOSITION
The judgment is reversed. The matter is remanded with directions that the trial court impose the sentence on counts 4, 5, and 6 (including the associated enhancements) that it imposed and stayed on November 4, 2005, without modification thereof. The clerk of the superior court is ordered to prepare an amended abstract of judgment and to forward a copy to the Department of Corrections.
PERLUSS, P.J., and WOODS, J., concur.
NOTES
[1] All further statutory references are to the Penal Code.
[2] The trial court's stay of the previously-imposed sentence on count 4 is not reflected on the abstract of judgment, which makes no reference to count 4; however, the trial court clearly stated on the record that it was imposing a stay on this count pursuant to section 654.
[3] The court did order that the sentences on counts 1,2, and 3the unstayed sentences were to be served consecutively. Had the court stayed imposition of sentence pursuant to California Rules of Court, rule 4.424, the issue of consecutive or concurrent sentence as to the counts subject to section 654 would have remained undecided.
[4] People v. Jenkins (1995) 10 Cal.4th 234, 40 Cal.Rptr.2d 903, 893 P.2d 1224, People v. Rodriguez (2005) 130 Cal.App.4th 1257, 29 Cal.Rptr.3d 314, and People v. Valenzuela (1995) 40 Cal.App.4th 358, 46 Cal.Rptr.2d 715, all cited by the Attorney General and pertaining to the trial court's ability to impose consecutive sentences, are inapposite here because they do not concern the present circumstance in which a trial court alters a previously imposed but stayed sentence in the absence of a remand for resentencing.