Filed 1/21/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re JEFFREY DONAL DUVAL on Habeas Corpus. | G056247<br><br>(Super. Ct. No. 14NF1709)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Tony Rackauckas and Todd Spitzer, District Attorneys, and George Turner, Deputy District Attorney, for Plaintiff and Appellant.

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Respondent.

The People appeal from the lower court's order vacating defendant Jeffrey Donald Duval's five-year jail sentence and resentencing him to a four-year term following a hearing on defendant's petition for a writ of habeas corpus.

We conclude the court had no need to hold an evidentiary hearing when the People failed to file a return to defendant's writ petition after being ordered to show cause why habeas corpus relief should not be granted. In addition, we find the court did not exceed its authority by vacating defendant's previously imposed sentence and resentencing him in the manner it did. As such, the court did not err and we therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pleaded guilty to the possession for sale and transportation of methamphetamine (Health & Saf. Code, §§ 11378, 11379, subd. (a)), receiving stolen property (Pen. Code, § 496, subd. (a)), and unlawful possession of a stun gun (Pen. Code, § 22610, subd. (a)). He admitted two prior drug-related convictions (Health & Saf. Code, § 11370.2, subd. (c)), and two prior prison commitments (Pen. Code, § 667.5, subd. (b)). In exchange for his guilty plea, defendant was to receive a two-year county jail sentence, even though his maximum exposure was an 11-year, 4-month prison term. Defendant entered a *Cruz*[1] waiver, agreeing that if he failed to appear at his sentencing hearing the trial court would not be bound by the negotiated two-year term and could sentence him up to the maximum term in his absence.

Defendant failed to appear for his sentencing. In absentia, the court imposed a prison sentence of nine years, eight months. Defendant's trial counsel did not object to the sentence, did not ask for a hearing on whether defendant's violation of the *Cruz* waiver was willful, and did not present any evidence for why defendant failed to appear. The following court day defendant appeared and was taken into custody. The

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, footnote 5.

2

next day, at the request of defense counsel, the court recalled and vacated defendant's prison sentence, and instead imposed a five-year county jail term.

Defendant unsuccessfully attempted to modify this sentence, seeking to restore his original two-year plea agreement by claiming, among other things, he had not been fully informed of the consequences of his plea. He also filed a habeas corpus petition in the superior court, which was denied.

Defendant then filed a habeas corpus petition in this court in case No. G055338.[2] In it, defendant contended he received ineffective assistance of counsel because his attorney failed to argue or present evidence he did not willfully violate his *Cruz* agreement. We summarily denied that petition.

Defendant filed a petition for review in the Supreme Court. (*In re Duval,* review granted Jan. 10, 2018, S245344.) In his answer to the petition, the Attorney General conceded that, if the allegations of the petition were true, they established a prima facie showing of ineffective assistance of counsel.

The Supreme Court granted the petition for review and directed us "to vacate [our] order denying the petition for writ of habeas corpus, and to issue an order directing [the People] to show cause before the Orange County Superior Court why petitioner is not entitled to the relief requested."

We vacated our summary denial and "ordered that this matter be remanded and returned to the Orange County Superior Court . . . for the purpose of holding an evidentiary hearing to determine whether a writ of habeas corpus should be issued in this matter. [¶] The Superior Court shall set the matter for an evidentiary hearing to be held within 90 days from the date of this order and to conclude the hearing within 15 days

---

[2] At defendant's unopposed request, we have taken judicial notice of the record in this original habeas corpus petition. (Evid. Code, §§ 452, subd. (d)(1), 459.) We have previously granted the People's motion to augment the record on appeal with five additional "attachments" from the underlying records in these related matters.

3

thereafter. At the conclusion of the hearing, the Superior Court shall prepare and transmit to this court . . . a minute order, which includes any factual findings made by the court, and the court's ruling."

Back in the superior court, a hearing was held on the 83rd day after our order. In the interim, the People did not file a return—or any other response—to our order to show cause.

No evidentiary hearing was held on that day. Instead, after an unreported chambers discussion with the parties, the lower court stated its "tentative" ruling was to grant defendant's prayer for relief without "formally granting" the petition, and without "making any factual findings in this case with respect to the merits of the claims in the writ [petition]."

The People objected, arguing there was no "legal basis for the ruling" and asserting it was "an illegal sentence." They contended we had ordered the court to hold an evidentiary hearing, and the court was obligated to do nothing other than comply with that order. They did not ask leave to file a return or otherwise continue the proceeding.

The court stated it had "reviewed all of the documents, all of the pleadings, and all of the exhibits attached to the petition. . . ." Ultimately, and over the People's continuing objections, the court granted relief by way of vacating defendant's five-year jail sentence, and resentencing him to a four-year jail term. In its written order, the court stated it was granting "the relief requested" by defendant "in the interest of justice and because [defendant] has suffered irreparable harm after serving nearly 4 years . . . when the negotiated plea . . . was 2 years."[3] The order did not address or make any findings on the factual or legal allegations of the petition.

---

[3] When the trial court resentenced defendant to the four-year term, he had served 3.97 years, including conduct credits. Thus, the court effectively imposed a credit for time served sentence.

4

The People filed a timely notice of appeal from the court's order, basing it on Penal Code sections 1238, subdivision (a), and 1506. They did not request a stay of execution of the resentencing order from either this court or the lower court. (See Pen. Code, § 1506, impliedly repealed as to capital cases in *Briggs v. Brown* (2017) 3 Cal.5th 808, 840.)

## DISCUSSION

*1. The People's Failure to File a Return Obviated Any Need for an Evidentiary Hearing*

When our Supreme Court orders us "to issue an order to show cause why the relief sought in the petition should not be granted [it] does not . . . *establish* a prima facie determination that petitioner is entitled to the relief requested. Rather, it signifies [its] '*preliminary determination* that the petitioner has made a prima facie statement of specific facts which, if established, entitle [petitioner] to habeas corpus relief under existing law.' [Citations.]" (*In re Serrano* (1995) 10 Cal.4th 447, 454-455 (*Serrano*).) "As a practical matter, the issuance of the order to show cause creates a 'cause' giving the People a right to reply to the petition by a return and to otherwise participate in the court's decisionmaking process. [Citation.] It is the interplay between the return and the petitioner's response to the return in a pleading called the traverse, that frames the issues the court must decide in order to resolve the case. [Citations.]" (*Id.* at p. 455.)

Although the People did not file a return, the deputy district attorney nonetheless "object[ed] to consideration of any of the declarations or evidence or statements presented in or attached to the petition on hearsay grounds," stating "[t]here is no evidence in this case." We disagree. And it is here that the People's failure to file a return effectively dooms their appeal.

The People contend "a return was moot" in this case since we had ordered an evidentiary hearing. Similarly, they insist "a return was not necessary" because we "had already ordered the parties to conduct an evidentiary hearing." This misconstrues fundamental habeas corpus practice and the purpose of a return.

5

"[T]he petition states the grounds for the claimed illegality of the restraints on the petitioner's liberty, [and] the return must be responsive to these grounds. [Citation.] [¶] The return, which must allege facts establishing the legality of the petitioner's custody, 'becomes the principal pleading' [citation] and is 'analogous to the complaint in a civil proceeding' [citations]. Thus, the return 'is an essential part of the scheme' by which relief is granted in a habeas corpus proceeding. [Citation.]" (*People v. Romero* (1994) 8 Cal.4th 728, 738-739, fn. omitted (*Romero*); cf. *In re Sixto* (1989) 48 Cal.3d 1247, 1252 (*Sixto*) [the traverse is analogous to the answer in civil actions and "[i]t is in this manner that the factual and legal issues are joined for review"].) As a result, an order to show cause "serves only the limited function of *requiring* the filing of a return." (*Romero*, at p. 743, italics added; see Pen. Code, §§ 1477, 1480.)

Thus, "[i]ssuance of an OSC [order to show cause] signifies the court's preliminary determination that the petitioner has pleaded sufficient facts that, if true, would entitle him to relief. The Penal Code then contemplates the custodian of the confined person shall file a responsive pleading, called a return, justifying the confinement. (§ 1480.)" (*People v. Duvall* (1995) 9 Cal.4th 464, 475 (*Duvall*).)[4]

Moreover, the Supreme Court has "required more of the return than mere compliance with the literal language of [Penal Code] section 1480; we have required the return to 'allege *facts* tending to establish the legality of petitioner's detention.' [Citations.] Those facts are not simply the existence of a judgment of conviction and sentence when the petitioner challenges his restraint in prison. The factual allegations of a return must also respond to the allegations of the petition that form the basis of the

---

[4] See also California Rules of Court, rule 4.545 ("An 'order to show cause' is an order directing the respondent to file a return." "The 'return' is the respondent's statement of reasons that the court should not grant the relief requested by the petitioner"), and rule 4.551(d) ("Any material allegation of the petition not controverted by the return is deemed admitted for purposes of [a superior court habeas corpus] proceeding"; all rule references are to the California Rules of Court.)

6

petitioner's claim that the confinement is unlawful. [Citations.] In addition to stating facts, the return should also, 'where appropriate, . . . provide such documentary evidence, affidavits, or other materials as will enable the court to determine which issues are truly disputed.' [Citation.]" (*Duvall, supra*, 9 Cal.4th at p. 476, fn. omitted.) Consequently, "[a]t this early pleading stage . . . we have required the People to set forth, in their return, facts responsive to the factual allegations in the original petition for a writ of habeas corpus." (*Id.* at p. 476, fn. 3.)

However, "[i]f the People do not file a return, they forgo the opportunity to participate in the court's determination of the merits of the petitioner's claim." (*Serrano, supra*, 10 Cal.4th at p. 455; cf. *Romero, supra*, 8 Cal.4th at p. 740, fn. 7 ["The right to file a return in a habeas corpus proceeding is subject to waiver"].) As a result, "[i]f the People decline to file a return, and the court *accepts* the undisputed factual allegations of the petition as true, petitioner has in effect been relieved of the burden of proving the factual allegations set forth in the petition." (*Serrano,* at p. 456.) "Declarations attached to the petition and traverse may be incorporated into the allegations, or simply serve to persuade the court of the bona fides of the allegations. If the return does not dispute the material factual allegations, the court may take them as true, and resolve the issues without [an evidentiary] hearing. [Citations.]" (*In re Fields* (1990) 51 Cal.3d 1063, 1070, fn. 2.)

Put simply, because the People did not file a return here, they did not dispute the material factual allegations in the petition. And because they did not produce pleadings in response to those allegations, there was no need for the lower court to conduct an evidentiary hearing. (Cf. *Sixto, supra,* 48 Cal.3d at p. 1252 ["When the return effectively admits the material factual allegations of the petition and traverse by not disputing them, we may resolve the issue without ordering an evidentiary hearing"]; *Romero, supra,* 8 Cal.4th at p. 739 [if the return admits allegations in the petition that, if true, justify the relief sought, the court may grant relief without an evidentiary hearing].)

7

The People suggest that because the Attorney General identified possible factual issues in his answer to defendant's petition for review in the Supreme Court, it somehow excuses their failure to file a return. They provide no authority for such a claim.

Similarly, the People argue their unspecified disputed factual issues were somehow "preserved" by the deputy district attorney's objections at the hearing. However, the record shows only that the deputy district attorney apparently was unaware of the consequences of his failure to file a return. His belated hearsay objection to defendant's exhibits and declarations was forfeited by his failure to file a return and thereby contest defendant's unrebutted factual allegations. The People provide no authority or argument showing their obligation to show cause why defendant was not entitled to his relief can be satisfied when they have failed to file a return.

The People also contend the lower court exceeded the scope of our order to show cause by doing anything other than holding an evidentiary hearing. The cases they cite in support of this claim are not on point as they all involve the jurisdictional function and effect of a remittitur following a direct appeal, not an order to show cause in an original proceeding.[5]

Moreover, if that were the case, we would not have ordered the superior court to "determine whether a writ of habeas corpus should be issued" and make a "ruling." We did not merely send this matter to superior court for a reference hearing, or appoint Judge Pham to sit as a referee and report back to us so we could determine the

---

[5] *People v. Oppenheimer* (1965) 236 Cal.App.2d 863, *People v. Martinez* (2017) 10 Cal.App.5th 686, and *People v. Dutra* (2006) 145 Cal.App.4th 1359.

8

merits of the petition.[6]  Rather, as the Supreme Court ordered, we remanded the entire matter to the superior court, and directed the People "to show cause . . . why petitioner is not entitled to the relief requested."  (See rule 8.385(e) [an order to show cause "vests jurisdiction over the cause in the superior court, which must proceed under [the superior court rules on habeas corpus]"].)

Put simply, the superior court was directed to hold a hearing, and the People were ordered to show cause before that court why defendant was not entitled to his requested relief.  If there were any factual disputes, they were to be resolved at that hearing.  However, by failing to file a return, the People "showed" nothing.  The court was then entitled to accept the allegations in the petition as true and, as requested in the petition, "[g]rant petitioner such further relief as is appropriate and in the interest of justice."

The People extensively cite *Rose v. Superior Court* (2000) 81 Cal.App.4th 564 (*Rose*), but the case is inapt.  *Rose* was a mandamus proceeding following a trial court's failure to state reasons for its summary denial of a habeas corpus petition following an order to show cause, returnable in the superior court, why the relief prayed for in the habeas corpus petition should not be granted.  (*Id.* at p. 568.)  There, the trial court not only failed to conduct an evidentiary hearing pursuant to the appellate court's OSC, but it also issued a summary denial without any explanation of its reasons.  (*Ibid.*)  Here, in contrast, the court had no need to conduct an evidentiary hearing, and it stated its reasons for granting relief.

---

[6]  The People also misread the meaning of our OSC in another way.  They argued below that Judge Pham needed to take evidence so that we—the Court of Appeal—"get the record that [we] would like to get so that [we] *can resolve* [*the*] *writ*."  (Italics added.)  We remanded the matter so that the lower court could "determine whether a writ of habeas corpus should be issued," not so *we* could later make that determination.  The Supreme Court ordered this matter returnable to the superior court, *not* to the Court of Appeal.

More importantly, in *Rose* the People had *filed a return* and the defendant had filed "a detailed 43-page traverse." (*Rose, supra*, 81 Cal.App.4th at pp. 568, 570.) We have already pointed out the ineluctable consequences of the People's failure to file a return in this matter.[7] *Rose* has no relevance here.

Finally, the People argue as they did below that the lower court "neither requested nor suggested that any additional pleadings or briefs should be filed . . . ." It is not a court's role to tell a party how to litigate its case. (*In re Campbell* (2017) 11 Cal.App.5th 742, 758.) The People provide no authority suggesting it is somehow a court's responsibility to "request" a party to file their requisite pleadings when that party has *already been ordered to do so*. The People's failure to file a return cannot be excused simply because the trial court did not "request" them to file one. Indeed, "[a]n 'order to show cause' is an order *directing* the respondent to file a return." (Rule 4.545, italics added.)

### 2. *The Remedy Fashioned by the Lower Court Was Within Its Habeas Corpus Authority*

The People also contend the court had no authority to vacate defendant's five-year sentence and resentence him to a four-year term. However, at the same time, they acknowledge that habeas corpus relief would give the court such authority. Thus, the People state, "[t]he only legal basis for the superior court to reduce [defendant's] sentence after [the OSC] was by the proper exercise of the habeas process." This distinguishes the current case from *People v. Gari* (2011) 199 Cal.App.4th 510, upon which the People rely for support, where a panel of this Court found that a trial court had "no legal authority" to grant a motion to withdraw a guilty plea founded only "on the basis of 'equity and fairness.'" (*Id.* at p. 517.)

---

[7] Also unlike the case before us, in *Rose* the lower court's summary denial of the habeas corpus petition was made in chambers, and neither the defendant, his counsel, nor the People, was present. (*Rose, supra*, 81 Cal.App.4th at p. 568.)

10

Nevertheless, the People still maintain the lower court could not grant habeas corpus relief here because its authority—or "jurisdiction" as they label it—was limited by our OSC to do nothing other than conduct an evidentiary hearing. We have already rejected such a cramped interpretation of our OSC.

Finally, the People argue that because the court did not formally grant the habeas corpus petition, and did not make any formal factual findings, its resentencing order cannot be considered as a grant of habeas corpus relief. Such a reading not only exults form over substance, but it focuses on what the lower court stated in its "tentative" ruling, and not what it eventually ruled. As ultimately phrased, the court's order before us is one granting habeas corpus relief: "It is hereby ordered that the relief requested in the petition for writ of habeas corpus is granted." (Capitalization omitted.)

The lower court also noted that "when entertaining a petition for writ of habeas corpus," it had "broad powers to fashion almost any relief." We agree.

The scope of a court's authority in granting habeas corpus relief is quite broad. "[A] court, faced with a meritorious petition for a writ of habeas corpus, should consider factors of justice and equity when crafting an appropriate remedy." (*In re Harris* (1993) 5 Cal.4th 813, 851; cf. *Carafas v. LaVallee* (1968) 391 U.S. 234, 239 [emphasizing the flexible nature of federal habeas corpus remedies "'as law and justice require'"]; see also *In re Crow* (1971) 4 Cal.3d 613, 619, fn. 7 ["Inherent in the power to issue the writ of habeas corpus is the power to fashion a remedy for the deprivation of any fundamental right which is cognizable in habeas corpus"].)

Here, the People were ordered to show cause why defendant was not entitled to habeas corpus relief. By not filing a return, they failed to do so. Following a hearing, the court issued an order that, "in the interest of justice," granted "the relief requested in the petition for writ of habeas corpus . . . . " That order vacated defendant's five-year sentence and resentenced him to a four-year term. The People do not dispute the actual term imposed; their challenge is directed to how the court arrived at it. As we

11

have seen, however, because of their own procedural shortcomings, their procedurally-based appellate contentions necessarily fail.

## DISPOSITION

The order granting the relief defendant sought in his habeas corpus petition is affirmed.


THOMPSON, J.


WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.