Filed 6/1/21  P. v. Alhambra CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

THE PEOPLE,

Plaintiff and Respondent,

v.

CECIL A. ALHAMBRA,

Defendant and Appellant.

A160190

(Contra Costa County
Super. Ct. No. 05-150862-1)

Cecil A. Alhambra (appellant) appeals following his second resentencing on convictions for various sexual offenses.  We reject appellant's contention that the trial court erred in denying his motion to permit interposition of a motion for new trial before the second resentencing.

## BACKGROUND

Appellant was charged with 37 sexual offenses against two victims, including multiple counts of committing a forcible lewd act on a child (Pen. Code § 288, subd. (b)(1)).[1]  He was convicted on 26 of those counts (counts 6–

---

[1] All undesignated section references are to the Penal Code.

1

30 and 37). In February 2016, the trial court sentenced appellant to a prison term of 138 years and 8 months, plus 340 years to life.

Appellant filed his first appeal, arguing that there was insufficient evidence to support some of his convictions and that the trial court had committed several sentencing errors. (*People v. Alhambra* (Mar. 14, 2017, A147665) [nonpub. opn.] (*Alhambra I*) at p. 1.) This court concluded that one of appellant's convictions (count 27) must be reversed, and that the trial court made sentencing errors that affected appellant's 10 lewd act convictions (counts 6, 8, 10, 12, 14, 16, 20, and 28–30). (*Id.* at p. 3.) First, we determined that the trial court erred in imposing both determinate and indeterminate sentences under section 667.61 on all of the lewd act convictions. (*Ibid.*) We directed that "[o]n remand, the trial court should strike the determinate portions of appellant's sentences for each count subject to sentencing under section 667.61." (*Ibid.*) Second, we determined that the trial court erred in imposing terms of 25 years to life for three of these lewd act convictions (counts 28–30) because, at the time those crimes were committed, the maximum sentence was 15 years to life. (*Ibid.*) We remanded for resentencing on these three counts. (*Ibid.*) The disposition read as follows: "The conviction on count 27 is reversed and the matter is remanded for resentencing in accordance with this decision." (*Id.* at p. 4.)

Appellant was resentenced in June 2017. On seven of his lewd act convictions (counts 6, 8, 10, 12, 14, 16, and 20), the trial court imposed terms of 25 years to life. On his remaining three lewd act convictions (counts 28–30), the trial court imposed terms of 15 years to life.

Appellant then filed his second appeal, arguing that he was not given an opportunity to be present at the resentencing hearing and that it proceeded in his absence. (*People v. Alhambra* (Mar. 15, 2019, A152999)

2

[nonpub. opn.] (*Alhambra II*) at p. 1.)  This court concluded that appellant's absence at the hearing, without a valid waiver, constituted federal constitutional error and that the People failed to demonstrate that the error was harmless beyond a reasonable doubt.  (*Ibid.*)  We noted that, on remand following the first appeal, the trial court "had jurisdiction to reconsider Alhambra's sentence in its entirety after correcting the errors identified in our opinion."  (*Id.* at p. 2.)  We explained that "we simply cannot know what Alhambra might have added had he been present at resentencing."  (*Ibid.*)  The disposition read as follows: "The June 2, 2017 order is vacated and the matter is remanded.  The trial court must conduct a new resentencing hearing at which Alhambra must be present, unless his waiver complies with section 1193."  (*Id.* at p. 3.)

Appellant was resentenced for the second time in January 2020.  Prior to resentencing, appellant filed a motion to permit interposition of a motion for new trial.  The trial court denied the motion.  It sentenced appellant to an indeterminate term of 265 years to life, and an additional consecutive term of 64 years and 8 months.  This appeal followed.

DISCUSSION

Appellant argues that the trial court erred in denying his motion to permit interposition of a motion for new trial for two reasons: (1) the "breadth" of remand supports his pursuit of a motion for new trial; and (2) appellant was authorized to bring a motion for new trial because the June 2017 resentencing order was vacated.  We review the trial court's ruling de novo as it presents a question of law (*People v. Johnson* (2003) 113 Cal.App.4th 1299, 1307), and address each of appellant's arguments in turn.

3

I.      *Scope of Remand*

Appellant argues first that "there is a great deal of law establishing the breadth of rights to which a defendant is entitled following a remand of the sort that occurred in this case," which permitted appellant to pursue a motion for new trial before his second resentencing.

"It is well-established that '[t]he order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned.' " (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 (*Ramirez*).)  "In short, when an appellate court remands a matter with directions governing the proceedings on remand, ' "those directions are binding on the trial court and must be followed." ' " (*Ibid.*)  The trial court "cannot modify, or add to, those directions." (*People v. Oppenheimer* (1965) 236 Cal.App.2d 863, 865–866 (*Oppenheimer*).)

Section 1265 similarly provides that after the remittitur, "the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and *all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted*." (§ 1265, subd. (a), italics added.) "Thus, the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court*." (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366.)

This authority makes clear that the scope of remand is defined by the reviewing court.  Courts thus look to the language of the reviewing court's orders and directions on remand to determine whether a motion for new trial falls within that scope.  In *Oppenheimer*, for example, the defendant was convicted of attempted escape and sentenced to state prison, but the trial court suspended the sentence and granted probation over the defendant's objections to certain terms of the probation.  (*Oppenheimer*, *supra*, 236

4

Cal.App.2d 863 at p. 864.)  The appellate court reversed the judgment, and remanded to the trial court "for the purpose of vacating the order granting probation, rearraigning defendant and imposing a proper sentence under sections 654 and 4532 of the Penal Code."  (*Ibid.*)  On remand, the defendant moved for a new trial.  (*Id.* at p. 865.)  The motion was denied, and the defendant appealed.  (*Ibid.*)  *Oppenheimer* concluded: "Since our mandate directed only that the order granting probation be vacated, and the original sentence be corrected in the particulars above referred to, it follows that the time for making a motion for a new trial had long since passed . . . ."  (*Id.* at p. 866.)  The trial court "had no power to receive, or to act upon, the motion." (*Ibid.*)

Similarly, in *People v. Pineda* (1967) 253 Cal.App.2d 443, 447, the defendant appealed following imposition of a state prison sentence for possession of a narcotic, arguing that the trial court made a sentencing error. (*Ibid.*)  The appellate court agreed, reversing the judgment " 'insofar as it decrees the sentence as entered' " and remanded " 'for further proceedings in conformity with this opinion.' "  (*Ibid.*)  On remand, the defendant interposed a motion for a new trial.  (*Id.* at pp. 447–448.)  The trial court found that it did not have authority to entertain a motion for new trial.  (*Id.* at p. 448.) The appellate court affirmed, as the directions on remand made clear that "the question of guilt was finally determined on the prior appeal, and that there was no intent to vacate the judgment to permit further inquiry regarding that issue."  (*Id.* at p. 450.)

So too here.  In *Alhambra I*, we reversed appellant's conviction on count 27 but rejected his other argument regarding the sufficiency of evidence on counts 29 and 30.  (*Alhambra I*, *supra*, A147665 at pp. 2–3.)  We remanded the matter "for resentencing in accordance with this decision."  (*Id.* at p. 4.)

5

In *Alhambra II*, we vacated the June 2017 resentencing order and remanded the matter, directing the trial court "to conduct a new resentencing hearing." Our directions on remand in both *Alhambra I* and *Alhambra II* make clear that the adjudication of appellant's guilt was finally determined in *Alhambra I*, and that there was no intent to reopen that issue on remand following *Alhambra II*.

Appellant's citation to authority regarding the "breadth" of remand does not alter our conclusion. "[I]t is well settled that when a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' [citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed . . . ." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) Moreover, the trial court is "entitled to consider the entire sentencing scheme" upon remand for resentencing. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.) "This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*Ibid.*) Accordingly, on remand following both *Alhambra I* and *Alhambra II*, the trial court had jurisdiction to consider appellant's sentencing in its entirety, and any and all factors that would affect his sentencing. It did *not*, however, have jurisdiction to reopen issues regarding the adjudication of appellant's guilt. The trial court correctly concluded that appellant's motion for new trial fell outside the scope of remand.

II.    *Vacating June 2017 Resentencing Order*

Appellant argues next that he was authorized to bring a motion for new trial because the June 2017 resentencing order was vacated in *Alhambra II*.

6

Appellant relies on the following rule for his position: "If the judgment is vacated or set aside, the motion for new trial may then be entertained." (*People v. Hales* (1966) 244 Cal.App.2d 507, 511 (*Hales*).)

Our decision in *Alhambra II* did not trigger this rule. In *Alhambra II*, we simply vacated the June 2017 resentencing order and remanded for the trial court to conduct a new resentencing hearing. (*Alhambra II*, *supra*, A152999 at p. 3.) In *Alhambra I*, we reversed one of appellant's convictions (count 27) and remanded for resentencing to correct sentencing errors on 10 of appellant's remaining 25 convictions. (*Alhambra I*, supra, A147665 at pp. 3–4.) Thus, following both *Alhambra I* and *Alhambra II*, appellant's judgment of conviction and original sentences remained largely undisturbed.

None of the cases cited by appellant bear on the question of whether the circumstances presented here allowed the trial court to hear appellant's motion for new trial. In *Hales*, for example, the appellate court concluded that the trial court had *improperly* set aside the judgment on its own authority before entertaining and granting defendant's motion for mistrial, as the judgment had already been entered in the minutes of the court. (*Hales*, *supra*, 244 Cal.App.2d 507 at pp. 509–512.) In *People v. McGill* (1970) 6 Cal.App.3d 953, 955, the appellate court concluded that the trial court properly set aside a probation order and granted a new trial, where the parties had stipulated to set aside the order for the purpose of making the motion.

*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245 is instructive. In *Peracchi*, the California Supreme Court concluded that a resentencing hearing conducted on remand after a partial reversal on appeal was not a new trial, and thus did not afford the defendant an opportunity to challenge the assigned judge. (*Id.* at pp. 1253, 1256.) It explained: "As a matter of

7

practice, when a reviewing court identifies error relating solely to sentencing, it ordinarily does *not* reverse the judgment of conviction or remand for a new trial.  Rather, typically, it simply remands for resentencing." (*Id.* at p. 1255.) It continued: "Even when reviewing courts have found error requiring the reversal of some part of the judgment of conviction, they frequently—as in this case—issue an order . . . that calls simply for a resentencing hearing . . . ." (*Ibid.*)  "Such a routine order remanding for resentencing does not necessarily operate even to vacate the original sentence, let alone constitute an order for a new trial . . . ." (*Ibid.*)  As set forth in *Peracchi*, our order in *Alhambra* II vacated the June 2017 resentencing order and called for a new resentencing hearing; it did not disturb appellant's judgment of conviction, or the sentences previously imposed on appellant.  Indeed, the limited effect of *Alhambra II* was made clear by our direction on remand: that the trial court must conduct a new resentencing hearing.  (*Id.* at p. 3.) Thus, the trial court correctly concluded that it could not entertain appellant's motion for new trial.[2]

DISPOSITION

The judgment is affirmed.

---

[2] Given our conclusion, we need not address appellant's arguments that (1) his ineffective assistance of counsel claim would be properly presented in a motion for new trial; and (2) the trial court's error in refusing to hear appellant's motion for a new trial compels the granting of a new trial.

8

_____

SIMONS, Acting P.J.

We concur.

_____

BURNS, J.

_____

RODRIGUEZ, J.*

(A160190)

_____
* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9