[No. A096825. First Dist., Div. Two. Mar. 12, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
BRADFORD GARY BURBINE, Defendant and Appellant.

COUNSEL

Roberta Simon for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Acting Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A. Chacón and Bridget Billeter, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RUVOLO, J.—

I.

INTRODUCTION

It is settled that a felony defendant's original aggregate prison term cannot be *increased* on remand for resentencing following a partially successful appeal. (See, e.g., *People v. Serrato* (1973) 9 Cal.3d 753, 763-764 [109 Cal.Rptr. 65, 512 P.2d 289], disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144]; *People v. Craig* (1998) 66 Cal.App.4th 1444, 1447 [78 Cal.Rptr.2d 659].) This case presents the converse question: whether, after the reversal of one count of a felony conviction, the defendant's aggregate prison term must be *decreased* upon resentencing.

We hold that on remand following the reversal of a felony count for which a subordinate term had been imposed, neither lack of jurisdiction nor res judicata bars the trial court from reconsidering its prior sentencing choices made under the normal rules of felony sentencing, including imposing a higher term for the principal, or base, term, so long as the total prison term for all affirmed counts does not exceed the original aggregate sentence.

We also reject appellant's subsidiary contentions that the trial court: 1) abused its discretion in imposing the upper term for the principal term; 2) erred by applying improper aggravating factors; and 3) erred by refusing to consider letters submitted by the defense in mitigation. We also conclude that appellant's trial counsel did not render ineffective assistance by failing to call the letters in mitigation to the court's attention in connection with the resentencing, and, in any event, there was no prejudice to appellant because the letters were not entitled to any mitigating value. Accordingly, we affirm the judgment.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Bradford Gary Burbine was found guilty by a jury of one count of continuous sexual abuse of a child (Pen. Code, § 288.5)[1] and two counts of committing a lewd act on a child (§ 288, subd. (a)).[2] Each of the three counts involved a different victim. On the day of the original sentencing hearing, appellant submitted letters from his family and friends, to be considered in mitigation. The court declined to review the letters because they were not timely submitted. Rejecting the prosecutor's contention that appellant should receive the aggravated term for the continuous sexual abuse count, the court sentenced appellant to the middle term of 12 years for that count, and added two consecutive terms of two years each, representing one-third the middle term for each of the lewd act counts, for a total prison term of 16 years.

Appellant filed an appeal and a habeas corpus petition, which we considered together in *Burbine I*. Only three of the issues addressed in our prior opinion are relevant to the present appeal.[3] First, we held that the court's refusal to consider appellant's untimely letters in mitigation was not an abuse of discretion. Second, we held that even if appellant's counsel was ineffective in not presenting the letters in a timely fashion, there was no reasonable probability that consideration of the letters would have led to a lesser sentence, because the letters were premised on the view that appellant was not guilty, and thus were entitled to no weight in mitigation.

Third, and most significantly for the purpose of the present appeal, we accepted appellant's argument that his conviction on one of the lewd act counts was invalid, because the jury instructions on that count erroneously failed to require jury unanimity as to the particular act on which the conviction was based. We therefore reversed the conviction on that count only, and remanded the case for resentencing.

At the resentencing, the judge listed the materials he had reviewed in preparation for the hearing, and did not mention the letters in mitigation that

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] The facts underlying appellant's convictions were set forth in our opinion on appellant's prior appeal and related habeas corpus petition. (*People v. Burbine* (Apr. 25, 2001, A087714 & A092468) [nonpub. opn.] (*Burbine I*).) They are summarized here only insofar as they are relevant to the issues raised on this appeal.

[3] At appellant's request, we have taken judicial notice of the record and briefs in his prior appeal and related habeas corpus petition. (See Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

appellant submitted for the original sentencing. When the judge asked whether there was anything else he should consider, appellant's counsel responded "No."

The prosecution's memorandum on resentencing requested that the court impose the upper term on both the principal and the subordinate counts, to run concurrently. At the hearing, appellant's counsel argued that the trial judge was precluded from reconsidering his original decision to impose the middle term on the continuous sexual abuse count, which had been designated as the principal term of appellant's sentence. The judge rejected this argument, reasoning that the original sentence had been "made up of interdependent [*sic*] components." He explained that he understood this court's remand to imply that he was "back to square one again" with regard to sentencing on the remaining counts.

The judge sentenced appellant to the same aggregate prison term originally imposed—16 years—but reached this result by a different route than he had originally taken. Rather than imposing the middle term of 12 years for the continuous sexual abuse count, which he again selected as the principal term, he imposed the upper term of 16 years. He imposed the middle term of six years for the remaining lewd conduct subordinate term, but ordered it to run concurrently, rather than consecutively as it had in the original sentence.

In explaining his decision to impose the upper term on the principal term, the judge cited three aggravating factors. First, he noted that the term imposed for the subordinate count could have been consecutive (as, indeed, it had been on the original sentence), but that he was going to impose it concurrently. (See Cal. Rules of Court, rule 4.421(a)(7).)[4] Second, he stated that appellant's crimes had been "obviously planned and sophisticated" in that they involved "taking sexual advantage of young children with movies and buying them toys and other things . . . to insure that he remained in the child's good graces, . . . [and] to keep them from telling what is going on." (See rule 4.421(a)(8).) Finally, he noted that appellant "took advantage of a position of trust that he developed with these young children, taking them on rides on [appellant's big rig] truck, et cetera." (See rule 4.421(a)(11).)

Following the entry of judgment on remand, appellant filed this timely appeal.

---

[4] All further references to rules are to the California Rules of Court.

## III.

### DISCUSSION

#### A. *Imposition of Same Aggregate Term on Remand*

█ The crux of appellant's challenge to the sentence imposed on remand is that he received no reduction in his aggregate prison term, despite our reversal of one of the three counts on which he was originally convicted. He maintains it is unjust that, even though he now stands convicted of having molested only two children, rather than the original three, he still faces the same amount of time in prison as when he was originally convicted.

Appellant contends that, given the trial judge's original decision to impose the middle term for the principal term, the judge could not, or should not, have modified the sentence on remand to impose the upper term for that count, so as to arrive at the same aggregate prison term. Appellant advances several alternative legal arguments in support of his position.

We have found no published California opinion addressing whether a defendant can receive the same aggregate prison term upon resentencing for a multivictim felony conviction where the only count relating to one of the victims was reversed on appeal.[5] As discussed below, however, we conclude that, under principles already elucidated in the case law, the trial judge's original sentencing choices did not constrain him or her from imposing any sentence permitted under the applicable statutes and rules on remand, subject only to the limitation that the aggregate prison term could not be increased. (See *People v. Craig, supra*, 66 Cal.App.4th at pp. 1447-1448.)

#### 1. *Lack of Jurisdiction to Modify Sentence*

First, citing *People v. Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100], appellant contends that the trial court lacked jurisdiction to resentence him to the upper term for the continuous sexual abuse count, after having sentenced him to the middle term for that offense prior to the appeal and remand. He argues that "the court cannot modify a sentence, either by increasing it or decreasing it, once the defendant has begun to serve it." In

---

[5]The closest case appears to be *People v. Calderon* (1993) 20 Cal.App.4th 82 [26 Cal.Rptr.2d 31], which upheld the reimposition of the same term on resentencing following a partial reversal and remand. In *Calderon*, however, the count that had been reversed on appeal was a lesser included offense of an affirmed greater offense, not a separate one involving a different victim. (See *id.* at pp. 84-85.) Nonetheless, we not only agree with the result in *Calderon*, but also, for the reasons expressed below, reach the same result in the case before us.

particular, he argues that even where the judgment is reversed as to one count, the trial court on remand does not regain jurisdiction to modify the sentence imposed for counts that were affirmed on appeal. Essentially, appellant's contention is that under *People v. Karaman*, the only alternative left to the trial court upon remand here was to strike that portion of appellant's sentence originally imposed for the count that we reversed in *Burbine I.*

*People v. Karaman*, however, presented the question whether a trial judge retains jurisdiction to modify a defendant's sentence during a brief time period that intervenes, due to a stay of execution, between the entry of the sentence in the minutes and the actual commencement of the defendant's prison term. *Karaman* held that sentencing jurisdiction is retained by the trial court during that period, because the "execution" of the sentence does not occur until the defendant is remanded into custody to begin serving his term. (*People v. Karaman, supra*, 4 Cal.4th at pp. 344-345.)

Therefore, the issue considered and decided by the court in *Karaman* is not relevant to this case, and its holding does not support appellant's argument that the trial court lacked jurisdiction to modify his sentence. It is true that the trial court lost jurisdiction to modify appellant's original sentence when appellant began serving it, but that too is irrelevant, because the trial court *regained* jurisdiction over appellant's sentence when we remanded the matter for resentencing. (See, e.g., *People v. Hill* (1986) 185 Cal.App.3d 831, 834 [230 Cal.Rptr. 109]; *People v. Savala* (1983) 147 Cal.App.3d 63, 70 [195 Cal.Rptr. 193], disapproved on other grounds in *People v. Foley* (1985) 170 Cal.App.3d 1039, 1046 [216 Cal.Rptr. 865].)

Appellant relies on *Karaman* for the proposition that a remand for resentencing vests the trial court with jurisdiction only over that portion of the original sentence pertaining to the count that was reversed, and not over his sentence for the affirmed counts. This assumes that a felony sentence for a multiple-count conviction consists of multiple independent components, rather than being an integrated whole—a view that has been repeatedly rejected by other courts that have considered the issue. In *People v. Begnaud* (1991) 235 Cal.App.3d 1548 [1 Cal.Rptr.2d 507], for example, the court addressed a jurisdictional argument similar to the one appellant makes in this case, and rejected it. The court reasoned that the "interlocking nature" of felony sentencing under section 1170.1, subdivision (a), which fixes consecutive subordinate terms at one-third the middle term, "compels [the] conclusion" that the statute "creates an exception to the general rule that jurisdiction ceases when execution of the sentence begins." (*Begnaud*, at p. 1554, citing *People v. Bustamante* (1981) 30 Cal.3d 88, 104, fn. 12 [177

Cal.Rptr. 576, 634 P.2d 927]; *People v. Bozeman* (1984) 152 Cal.App.3d 504, 507 [199 Cal.Rptr. 343].)[6]

Other cases have reached much the same conclusion regarding the inherently integrated nature of a felony sentence under the current statutory scheme. For example, in *People v. Hill*, the court opined that "When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components." (*People v. Hill, supra,* 185 Cal.App.3d at p. 834, citing, inter alia, *People v. Savala, supra,* 147 Cal.App.3d at pp. 68-69; see also *People v. Castaneda* (1999) 75 Cal.App.4th 611, 613-614 [89 Cal.Rptr.2d 367]; *People v. Craig, supra,* 66 Cal.App.4th at pp. 1450-1452; *People v. Calderon, supra,* 20 Cal.App.4th 82; *People v. Rojas* (1988) 206 Cal.App.3d 795, 802 [253 Cal.Rptr. 786].)

Yet appellant contends that cases like *Calderon*, which involve multiple counts involving crimes against a single victim, are inapposite to this case where our reversal reduced not only the number of crimes, but also the number of victims from three to two. Appellant argues these circumstances necessarily imply a lesser degree of culpability than that perceived at his original sentencing hearing, thereby requiring a reduction of his aggregate sentence.

We disagree that the facts of this case constrained the trial court upon resentencing to make a mandatory reduction in the original aggregate sentence. We reject appellant's claim primarily because we endorse the notion that trial courts are, and should be, afforded discretion by rule and statute to reconsider an entire sentencing structure in multicount cases where a portion of the original verdict and resulting sentence has been vacated by a higher court. Moreover, to suggest otherwise would potentially encourage trial courts to take into account the likelihood of certain counts surviving appeal—a sentencing algorithm which might unnecessarily lead to longer original sentences.

As already noted, case law holds that, based on double jeopardy and due process, the aggregate prison term imposed for all of the surviving counts

---

[6]In *Begnaud*, the count that was reversed on the initial appeal was the one responsible for the principal term of the defendant's sentence, rather than, as here, a count responsible for a subordinate term. We do not view this distinction as crucial to the jurisdictional question. In our view, the principle that a felony sentence under the determinate sentencing law is an integrated whole applies regardless of which element of that whole is invalidated by an appellate reversal.

cannot be increased on remand after a partial reversal, a circumstance appellant does not contend occurred here. (See *People v. Craig, supra,* 66 Cal.App.4th at pp. 1447-1448.) We do not view these cases as imposing a limit on the trial court's *jurisdiction* over resentencing, however. Rather, they impose a limitation on how the court's sentencing *discretion* may be exercised.

In accord with this line of cases, we hold that upon remand for resentencing after the reversal of one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term.

## 2. *Equitable Principles of Res Judicata*

Appellant next argues that, even if the court regained jurisdiction to resentence him on the affirmed counts, under the specific circumstances of this case, the trial court's modification of its prior sentencing choices violated equitable principles of res judicata that must be applied here in order to achieve fundamental fairness and comply with due process. He cites *People v. Mitchell* (2000) 81 Cal.App.4th 132 [96 Cal.Rptr.2d 401] (*Mitchell*) for the proposition that res judicata applied to the trial court's earlier decision to impose the midterm for the continuous sexual abuse count, thereby precluding it from imposing the aggravated term for that count at resentencing.[7]

In *Mitchell,* the defendant was convicted of assault with a deadly weapon, for which he was originally sentenced to a nine-year state prison term, including a five-year enhancement based upon a true finding that the defendant had suffered a prior conviction for a serious felony. (§ 667, subds. (a), (d), & (e); *Mitchell, supra,* 81 Cal.App.4th at p. 136.) On appeal, the true finding was reversed based on ineffective assistance of counsel, the appellate court concluding the evidence was insufficient to sustain the prior serious felony allegation. Upon remand, a new evidentiary hearing was held on the serious felony enhancement, and the trial court again found the prior serious felony allegation true. (*Id.* at p. 138.)

---

[7]Respondent contends that this issue was waived by appellant's failure to raise it in the trial court. Appellant counters that the issue is one of due process, and therefore can be raised for the first time on appeal, and that, if the issue was waived, his trial counsel was therefore ineffective. We need not reach appellant's contentions, because our reading of the record indicates that appellant's trial counsel adequately preserved this question. At the resentencing hearing, counsel argued that the court had already considered and rejected the aggravating factors in the prosecution's brief, and therefore its original finding that there were no aggravating circumstances should stand. The substance of the current argument was thus presented to the trial court.

Upon the second appeal, the court in *Mitchell* acknowledged that principles of double jeopardy do not bar retrial of prior conviction allegations in a noncapital case. (*Mitchell, supra,* 81 Cal.App.4th at pp. 139-142.) It ruled, however, that a finding that the evidence does not support an allegation of prior serious felony is akin to an acquittal of that allegation, concluding that principles of res judicata and law of the case bar the prosecution from a second attempt to prove the truth of the allegation. (*Id.* at pp. 155-156.) It reasoned that "where the government has had a full and fair opportunity to present its case unhampered by evidentiary error or other impediment, fundamental fairness requires application of equitable principles of res judicata (direct estoppel) and law of the case to preclude the relitigation of [the defendant's] prior serious felony conviction allegations for purposes of both a five-year enhancement and a strike under the three strikes law. [Citations.]" (*Id.* at p. 136.)

First, we find the *Mitchell* holding inapplicable to the present case as the reasoning of the court has no application to a trial court's discretionary sentencing choices.[8] In selecting the middle term as the principal term at the initial sentencing, the trial court here did not, as appellant suggests, "acquit" him of the upper term. It did no more than find that the totality of the circumstances justified the selection of that particular term. Appellant cites no California case holding that it is fundamentally unfair to revisit the term selection issue on remand, after the original circumstances have been altered by the reversal of one count of the original conviction (provided, of course, that the aggregate prison term is not increased). We decline appellant's invitation to be the first California court to so hold.[9]

Furthermore, we note that the reasoning in *Mitchell* was persuasively discredited in *People v. Scott* (2000) 85 Cal.App.4th 905 [102 Cal.Rptr.2d 622], where the court pointed out that (1) principles of res judicata do not apply until there has been a final determination on the merits, which does not occur simply because a finding was made in an ongoing proceeding; (2) in *People v. Morton* (1953) 41 Cal.2d 536 [261 P.2d 523], the California Supreme Court made it clear that retrial of the question of whether the defendant had suffered a prior conviction for a particular offense was

[8]Indeed, as respondent points out, *Mitchell* itself appears to have contemplated the possibility that, subject to the appellate court's directions regarding striking its true findings on the defendant's priors, the trial court could recalculate the entire sentence as it saw fit. (*Mitchell, supra,* 81 Cal.App.4th at p. 157 & fn. 10.)

[9]We are not persuaded otherwise by the federal authorities cited by appellant. None of them holds that res judicata or any other legal principle precludes a trial court, on remand for resentencing, from reconsidering its prior discretionary sentencing decisions. Moreover, appellant does not explain how decisions under federal sentencing statutes and rules are relevant to sentencing under the California determinate sentencing law.

.entirely proper; and (3) the conclusion that sufficient evidence does not support an allegation of prior conviction of a serious felony is not at all analogous to an acquittal, because the jury does not consider whether the defendant did in fact commit a serious felony, but decides only the defendant's continuing status. The court, citing *People v. Monge* (1997) 16 Cal.4th 826, 839 [66 Cal.Rptr.2d 853, 941 P.2d 1121], pointed out that the prosecution is entitled to reallege and retry that status in as many cases as it is relevant. (*People v. Scott, supra*, 85 Cal.App.4th at pp. 916-924.) In addition, the doctrine of law of the case does not prevent retrial of an issue, although it does require that the same conclusion be reached if that matter is retried on the same evidence. (*Id.* at p. 924.) In what might be described as judicial piling-on, numerous published, as well as nonpublished, opinions have since joined the chorus of criticism of *Mitchell*. (*Cherry v. Superior Court* (2001) 86 Cal.App.4th 1296, 1303-1305 [104 Cal.Rptr.2d 131]; *People v. Franz* (2001) 88 Cal.App.4th 1426, 1455-1456 [106 Cal.Rptr.2d 773]; *People v. Sotello* (2002) 94 Cal.App.4th 1349, 1354-1357 [115 Cal.Rptr.2d 118].)[10]

### 3.  *Abuse of Discretion and Use of Improper Aggravating Factors*

█  In addition to his lack of jurisdiction and res judicata arguments, appellant contends that in imposing the upper term for the principal term at appellant's resentencing, the trial court relied on improper aggravating factors and abused its discretion. In support of this argument, appellant relies in part on the fact that at the original sentencing hearing, when it imposed the middle term, the court expressly considered the same aggravating factors and rejected them as "contained within the charge" of continuous sexual abuse of a child. (See rule 4.420(d) ["A fact that is an element of the crime shall not be used to impose the upper term."]; cf. *People v. Quinones* (1988) 202 Cal.App.3d 1154, 1159 [249 Cal.Rptr. 435] [improper to use youth of victim as aggravating factor in child molestation case, because victim's age is element of offense].)

Appellant argues that it was an abuse of discretion for the trial court to change its mind, on resentencing, regarding whether the prosecution's proffered factors in aggravation were contained within the charge. We disagree.

It is established that a circumstance that is an element of the substantive offense cannot be used as a factor in aggravation. (*People v. Wilks* (1978) 21

---

[10]The issue whether res judicata or law of the case bars retrial of prior conviction allegations after a reversal on appeal for insufficient evidence is presently before the California Supreme Court. (*People v. Barragan* (Mar. 8, 2002, D036697 [nonpub. opn.]), review granted May 15, 2002, S105734.) Even if the Supreme Court determined in *Barragan* that retrial of prior conviction allegations is barred, however, that would not persuade us to accept appellant's argument in this case. As already explained, we do not consider the reasoning in *Mitchell* applicable to a trial court's discretionary sentencing choices.

Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369]; *People v. Clark* (1992) 12 Cal.App.4th 663, 666 [15 Cal.Rptr.2d 709].) A sentencing factor is only an element of the offense, however, if the crime as defined by statute cannot be accomplished without performance of the acts which constitute such factor. (*People v. Clark, supra,* at p. 666.) In this case, we are persuaded that the aggravating factors cited by the trial court on resentencing were not in fact elements of the crimes of which appellant was convicted, and therefore were properly considered in aggravation.

Appellant cites *People v. Fernandez* (1990) 226 Cal.App.3d 669, 680 [276 Cal.Rptr. 631], for the proposition that it was improper to rely on the "planning and sophistication" factor (rule 4.421(a)(8)) because it "would . . . probably apply in every resident child molester case." The court in *Fernandez* went on to say, however, that "further elaboration would be particularly helpful in understanding how and why the facts showing premeditation in this case made the offenses worse than they ordinarily would have been. [Citation.]" (*Fernandez,* at p. 680.)

In the present case, the trial court provided such an elaboration. In support of its finding on resentencing that appellant's crimes were "planned and sophisticated," the court stated that appellant provided his victims with movies and toys "to insure that he remained in [their] good graces" and "to keep them from telling what [was] going on."[11] Moreover, appellant, unlike the defendant in *Fernandez,* was a neighbor of his victims rather than a household member, and therefore not strictly speaking a "resident" child molester. Under the circumstances, appellant's having lulled his victims into acquiescence and silence by cultivating a "friendly neighbor" relationship with them was distinct from the elements of the crime, and made appellant's offenses worse than they otherwise would have been by manipulating the children's natural feelings of gratitude and affection. Thus, we do not find any error in the trial court's reliance on planning and sophistication as an aggravating factor.

The trial court also found that appellant "took advantage of a position of trust that he developed with these young children" (rule 4.421(a)(11)) by

---

[11]Appellant contends that there was no evidence that he bought toys for the victims. This argument was not raised in the trial court, and is unsupported by any reference to the record. On the other hand, respondent has not provided us with any citations to the record indicating that toy buying *did* occur, and our prior opinion does not mention it. In any event, even if appellant did not literally buy toys for the victims, the record is clear that appellant took the victim of his continuous abuse to the movies and on trips, encouraged him to sleep over at his house and in his truck, and allowed him to camp out in his backyard. He also gave candy to the other victim. Thus, the record does support the trial court's underlying point that appellant undertook deliberate efforts to ensure that he remained in his victims' good graces and to deter them from reporting the abuse.

"taking them on rides on [his big rig] truck," which the evidence at trial showed was equipped with a sleeping area in which appellant molested one of his victims. Appellant contends that occupying a position of trust with respect to the victim is an element of continuous child abuse, and thus that this factor was not properly aggravating. Appellant's contention has been rejected by another division of this court, in an opinion with which we concur. (*People v. Clark, supra,* 12 Cal.App.4th at p. 666.) Section 288.5 requires only that the perpetrator "either reside[] in the same home with . . . or ha[ve] recurring access to the child." *People v. Clark* held that because "continuous sexual abuse can be committed by anyone residing in the same home with the children, whether or not they have special status with the victim," abuse of trust can be used as an aggravating factor even against a member of a child's household. (*People v. Clark, supra,* at p. 666.) The same clearly holds true for non-household members. A neighbor, or a house-cleaner, gardener, or dog walker employed by a child's parents, for example, might enjoy "recurring access" to a child without occupying a position of trust with respect to him or her.

In this case, appellant notes that the mother of the continuous abuse victim actively encouraged what she perceived as a quasi-paternal relationship between appellant and her child. This fact bolsters rather than undercuts the trial court's finding in aggravation regarding appellant's position of trust. Appellant's prolonged deception of the victim's mother concerning the true nature of his interest in the victim not only is not an element of the crime, but also did exactly what appellant contends an aggravating factor should do, i.e., it made this particular crime distinctively worse than others of its nature.

In short, the trial court did not err in considering the cited aspects of appellant's conduct as aggravating factors. If the trial court was wrong in rejecting them the first time, as we believe it was, it cannot have been an abuse of discretion for the court to reconsider, and correct its own error, after it regained jurisdiction by virtue of our remand.

But even if the reconsideration was error, we would still find no reason to disturb the sentence that was imposed on remand. Only a single aggravating factor is required to impose the upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 728 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *People v. Castellano* (1983) 140 Cal.App.3d 608, 614-615 [189 Cal.Rptr. 692].) In this case, the court's decision to impose the upper term was supported by an aggravating factor that is beyond reproach and had not been present the first time, namely, the imposition of a concurrent term for the affirmed subordinate count, when the sentence for that count could have been imposed consecutively. (Rule 4.421(a)(7).) Thus, even if the court had erred in considering

the other aggravating factors, the decision to impose the upper term would still be valid.

Appellant argues that the "concurrent term" factor did not really exist. He notes that the case law already cited (e.g., *People v. Craig, supra,* 66 Cal.App.4th at pp. 1447-1448) barred the trial court from sentencing appellant to a longer term on resentencing than the 16 years he originally received. He argues that the court therefore could not have *both* imposed the upper term of 16 years, *and* made the subordinate term run consecutively. This is true, but it is also beyond cavil that the 16-year limit would not have prevented the trial court, on remand, from imposing the 12-year middle term plus a two-year consecutive subordinate term. Having chosen, instead, to make the subordinate term run concurrently, the court was free to use that choice as an aggravating factor allowing imposition of the 16-year upper term for the base term.

Finally, appellant urges us to reverse on the authority of *People v. Swanson* (1983) 140 Cal.App.3d 571, 574 [189 Cal.Rptr. 547], which held that a sentencing judge is required to base a choice of term on the statutory and rule criteria, on an analysis of legitimate aggravating and mitigating factors, but not on a subjective feeling about whether the resulting sentence seems too long, too short or just right. More recent cases, however, have reasoned otherwise, holding that a judge's subjective belief regarding the length of sentence to be imposed is not improper so long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria. (*People v. Calderon, supra,* 20 Cal.App.4th at p. 88; *People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457 [253 Cal.Rptr. 173]; *People v. Savala, supra,* 147 Cal.App.3d at p. 69.) The more recent cases are the more persuasive, but even if they were not, there is nothing in the record in this case to indicate that, on resentencing, the trial judge was reasoning backward from a subjectively selected sentence. On the contrary, the transcript of the sentencing hearing affirmatively demonstrates that the trial judge "re-reviewed . . . the probation officer's report [and] the facts and circumstances of the case," and then exercised his sentencing discretion based on an analysis of legitimate factors.

### B. *Failure to Consider Letters in Mitigation*

■ As a separate basis for reversal of his sentence, appellant contends that the trial court erred in failing to consider, on resentencing, the letters in mitigation that he submitted belatedly in connection with his original sentencing. Alternatively, he contends that if this argument was waived by his counsel's failure to call the letters to the trial court's attention, his counsel's assistance was ineffective.

As already noted, at the outset of the resentencing hearing, the trial judge listed the materials he had reviewed, which did not include appellant's letters in mitigation. He then asked whether there was anything else he should consider, and appellant's counsel responded "No." It is hard to imagine any clearer record for a waiver.

But there is insufficient evidence that the conduct of counsel in not offering the letters was conduct which fell below the standard of care. In our prior opinion, we held that appellant's original trial counsel's failure to submit the letters sufficiently in advance of sentencing was not prejudicial, because "a review of the letters . . . leads us to conclude that there is no reasonable probability that consideration of the letters would have [led] to a lesser sentence." We reached that conclusion because the letters were all premised on expressions of appellant's innocence, and "[o]pinions as to the innocence of a defendant after a jury has already reached a guilty verdict are not a factor in mitigation." (Cf. *People v. Charron* (1987) 193 Cal.App.3d 981, 994 [238 Cal.Rptr. 660] [trial court did not err in rejecting letters testifying to defendant's good character as mitigating factor, when qualities spoken of in letters were contradicted by defendant's conduct in committing crimes of which he was convicted].)

*People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1248 [118 Cal.Rptr.2d 890], cited by appellant, is not to the contrary. In that case, the court held that the trial court had erred in concluding it had no discretion to grant probation to a man convicted of molesting his minor daughters. The court then determined that this error made it necessary to remand for resentencing, because granting probation would not necessarily constitute an abuse of discretion given the defendant's remorse, amenability to treatment, good work history, and lack of any criminal record. The court also mentioned that the defendant had submitted "numerous letters of support from family and friends" (*ibid.*), but unlike in this case, there is no indication that those letters were premised on the defendant's innocence. Except for good work history, the other mitigating factors present in *Bruce G.* are not present in this case.

Thus, defense counsel's failure to object or argue the text of the letters in mitigation is understandable because the letters themselves were not properly mitigating, and we had said as much in our earlier opinion in *Burbine I.* Moreover, appellant has failed to point to any facts upon resentencing to alter our earlier conclusion that "there is no reasonable probability that the court would have imposed a lesser sentence" if the judge had reviewed the letters. It follows that trial counsel's failure to call them to the judge's

attention prior to the resentencing did not result in any prejudice to appellant.[12] (See *People v. Staten* (2000) 24 Cal.4th 434, 451 [101 Cal.Rptr.2d 213, 11 P.3d 968] [alleged ineffective assistance of counsel not grounds for reversal unless appellant shows reasonable probability that result would have been different but for counsel's errors].) Therefore, even if this waiver constituted ineffective assistance, this is not a ground for reversal, because appellant was not prejudiced. Accordingly, we find no basis to reverse appellant's sentence on this ground.

IV.

DISPOSITION

The judgment is affirmed.

Kline, P. J., and Haerle, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 11, 2003.

---

[12]For the same reason, we see no reason to fault the trial judge for failing to review them of his own accord. Our opinion in *Burbine I* clearly implied that this was unnecessary, because we held that the letters had no mitigating value.