Filed 1/22/21  P. v. Moore CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302427 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA090092) |
| v. | |
| DAMON FITZGERAL MOORE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan K. Schneider, Judge.  Affirmed in part and remanded with directions.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, Wyatt E. Bloomfield and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Damon Fitzgeral Moore appeals the judgment entered following a jury trial in which he was convicted of one count of pandering by procuring. (Pen. Code,[1] § 266i, subd. (a)(1).) Appellant admitted he had served one prior prison term, and the trial court sentenced him to four years in state prison for the pandering conviction plus one year consecutive for the prior prison term pursuant to former section 667.5, subdivision (b) (eff. until Jan. 1, 2020).

Appellant contends and respondent agrees that the one-year prior prison term enhancement must be stricken pursuant to the amendments to section 667.5, subdivision (b) by Senate Bill No. 136. We also agree, and remand the matter to the trial court for resentencing to strike the one-year prior prison term enhancement. Appellant further seeks, and respondent does not oppose, appellate review of the sealed record of the hearing pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) to determine whether police personnel records were improperly withheld from discovery. Having conducted our review of the in camera proceedings, we find no abuse of discretion.

## FACTUAL BACKGROUND

On February 13, 2019, Los Angeles Police Officer Daisy Vanegas was working uncover "posing as a streetwalking prostitute" on the corner of Sepulveda Boulevard and Wyandotte. Around 1:00 a.m. appellant pulled up in a car next to Officer Vanegas and asked her what she was doing and if she was working by herself. Officer Vanegas was wearing a recording device, which she activated within a few seconds of the initial

---

[1] Undesignated statutory references are to the Penal Code.

2

contact with appellant. Officer Vanegas and appellant spoke for approximately 30 minutes, and the recording was played for the jury. Based on her training and experience, Officer Vanegas understood from appellant's questions and remarks that he was trying to recruit her to work as a prostitute for him.

At the end of the conversation, Officer Vanegas indicated she would work for appellant, but she had to leave to meet her "date." Officer Vanegas walked away from appellant's car with the understanding that appellant would be waiting for her to return when she was done. Appellant was arrested shortly thereafter.

## DISCUSSION

### I. The One-year Prior Prison Term Enhancement Must Be Stricken and the Matter Remanded for Resentencing

Appellant's sentence includes a consecutive one-year enhancement pursuant to former section 667.5, subdivision (b) for having served a prior prison term on a felony conviction. However, effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) to apply only if the prior prison term was served "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (Pen. Code, § 667.5, subd. (b); see Sen. Bill No. 136 (2019–2020 Reg. Sess.) § 1.) Appellant's prior prison term enhancement was based on a conviction for pandering under Penal Code section 266i, subdivision (a)(2), which is not identified as a sexually violent offense under Welfare and Institutions Code section 6600, subdivision (b).

Absent evidence to the contrary, courts presume "the Legislature intended the amended statute to apply to all

3

defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323.) Appellant's conviction was not final when Senate Bill No. 136 took effect because his case was (and remains) on appeal, and the time for filing a petition for writ of certiorari in the United States Supreme Court has not yet expired. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.) Accordingly, the amendment to section 667.5, subdivision (b) applies retroactively to this case. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872–873 [Senate Bill No. 136 applies to nonfinal judgments on appeal]; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341 [same].)

The matter must therefore be remanded to the trial court to strike the one-year prior prison term enhancement and to resentence appellant accordingly. However, on remand, the trial court is not limited to merely striking the prior prison term enhancement, but is entitled to reconsider the full range of sentencing options and impose a lawful sentence consistent with the court's original and presumably unchanged sentencing goals. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258.)

## II. The *Pitchess* Hearing

The trial court granted appellant's *Pitchess* motion for the personnel records of Officer Vanegas and conducted an in camera hearing to determine which, if any of the records were discoverable. At the conclusion of the hearing, the trial court found that no materials were subject to discovery. Appellant has requested that this court independently review the sealed records of the *Pitchess* hearing to assess whether the trial court improperly withheld any discoverable material from the defense.

4

(*People v. Landry* (2016) 2 Cal.5th 52, 73 (*Landry*); *People v. Hughes* (2002) 27 Cal.4th 287, 330 (*Hughes*); *People v. Mooc* (2001) 26 Cal.4th 1216, 1228.)

"A trial court's ruling on a motion for access to law enforcement personnel records is subject to review for abuse of discretion." (*Hughes*, *supra*, 27 Cal.4th at p. 330; *Pitchess*, *supra*, 11 Cal.3d at p. 535.) We have reviewed the sealed transcript of the proceedings and conclude that the trial court did not abuse its discretion in refusing discovery on the basis of its conclusion that no materials were relevant to appellant's claims of moral turpitude, dishonesty, and racial animus against Officer Vanegas. (*Landry*, *supra*, 2 Cal.5th at pp. 73–74; *Hughes*, at p. 330.)

**DISPOSITION**

The matter is remanded to the trial court for resentencing to strike the one-year prior prison term enhancement imposed pursuant to former Penal Code section 667.5, subdivision (b). On remand, the trial court may reconsider the entire sentence and the full range of sentencing options available to it. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.