Filed 5/18/21  P. v. Basham CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C087840 |
| v. | (Super. Ct. No. 62157014) |
| JEREMY LEE BASHAM, | |
| Defendant and Appellant. | |

A jury found defendant Jeremy Lee Basham guilty of reckless evasion (Veh. Code § 2800.2, subd. (a)) and resisting a peace officer (Pen. Code § 148, subd. (a)(1)). Defendant admitted a prior strike conviction and eight prior prison terms.  The trial court sentenced him to the upper term of three years on reckless evasion, doubled to six years pursuant to the prior strike conviction, plus five one-year prior prison term enhancements, and a concurrent 180-day sentence on the misdemeanor resisting a peace officer.  The trial court stayed sentence on three of the prior prison term enhancements.

1

Appointed counsel for defendant initially asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) But we subsequently granted his request to file a supplemental brief. On the court's own motion, we strike the *Wende* brief and treat defendant's supplemental brief as Appellant's Opening Brief. We treat the People's supplemental brief as the Respondent's Brief.

In the Appellant's Opening Brief, defendant contends the one-year prior prison term enhancements must be stricken in light of newly enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), which was effective January 1, 2020, and which limits the offenses that qualify for the enhancement. The People agree, and we do too.

Senate Bill 136 amended Penal Code section 667.5, subdivision (b) to eliminate the one-year prior prison term enhancement for most prior convictions. (Sen. Bill 136, Stats. 2019, ch. 590, § 1.) Because defendant's judgment is not yet final, we agree with the parties that the amended law applies to him retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when the statute takes effect].) Accordingly, defendant is entitled to have his one-year prison prior enhancements stricken under Senate Bill 136. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

Because there remain discretionary sentencing choices the trial court may make, we will remand for resentencing, noting that the trial court may not increase defendant's aggregate prison term from that originally imposed. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258-1259.)

## DISPOSITION

The matter is remanded with directions for the trial court to resentence defendant in light of the changes made by Senate Bill 136, including striking all of defendant's prior prison term enhancements. The judgment is otherwise affirmed. After resentencing defendant, the trial court is directed to issue an amended abstract of judgment and to

forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

/S/
MAURO, J.

We concur:

/S/
RAYE, P. J.

/S/
DUARTE, J.