Filed 5/24/21  P. v. Loza CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>ALEJANDRO LOZA,<br><br>     Defendant and Appellant. | D078323<br><br><br><br>(Super. Ct. No. SCD276263) |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Sentence vacated and case remand with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, a jury found Alejandro Loza guilty of four counts of felony vandalism (Pen. Code,[1] § 594, subds. (a)(b)(1) & (a)(b)(2)(A)). The jury found a gang allegation true. Loza admitted a prison prior (§ 667.5, subd. (b)).

Loza was sentenced to a six-year term, the court also imposed various fines, fees, and assessments.

Loza appealed raising only a challenge to the various fines and fees in light of *People v. Duenas* (2019) 30 Cal.App.5th 1157 (*Duenas*). During the pendency of the appeal, Senate Bill No. 136 passed invalidating prison priors such as that involved in this case. In case No. D075287, we affirmed the conviction, found the *Duenas* issue had been forfeited, but found Loza was entitled to have the prison prior stricken and to be resentenced. This court vacated the sentence and remanded the case to the trial court with directions to strike the prison prior and resentence as appropriate. (See *People v. Loza* (Dec. 13, 2019, D075287) [nonpub. opn.].)

On remand, the court struck the prior but denied the defense request to resentence with regard to the fines. The court declined, reasoning this court's remand deprived the trial court of jurisdiction to revisit the punitive fines.

Loza appeals contending the court erred in its belief it could not revisit the *Duenas* issues. The Attorney General, relying principally on *People v. Rosas* (2010) 191 Cal.App.4th 107 (*Rosas*), concedes the trial court erred and the case should be remanded for a further resentencing hearing with directions to the trial court to hear the defense request to revisit the punitive fines and to make such decision as the court deems appropriate on the merits of such motion.

We agree with the parties. Our remand vacated the existing sentence and directed the court to resentence as "appropriate." Our remand did not

---

[1]    All further statutory references are to the Penal Code.

2

limit the court's ability to review the sentence anew in light of striking the prison prior. We will again remand with directions.[2]

DISCUSSION

In *Rosas*, *supra*, 191 Cal.App.4th 107, the court addressed the authority of a trial judge to consider restitution fines on remand for resentencing. The court held that even though the challenge to punitive fines was forfeited in the original appeal, where the appellate court has vacated the sentence and remanded for resentencing, the trial court can consider all of the interlocking parts of the sentence. (*Id.* at pp. 109-113.) The court held the trial court had jurisdiction to reduce punitive fines on remand for resentencing. (*Id.* at p. 117; see also *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1257.)

We agree with the analysis in *Rosas* as it applies to this case. When the prior was struck, it changed the nature of the entire sentence. Thus, the court had authority to reduce the punitive fines, should it deem such action appropriate as part of restructuring the total sentence following remand.

We find the parties have correctly determined the trial court had jurisdiction to revisit the punitive fines. Accordingly, we will again remand the case for a further sentencing hearing. We express no opinion on whether the court should modify any of the fines.

---

[2]    The facts of the offenses are not relevant to any issue on this appeal. We will omit the traditional statement of facts.

## DISPOSITION

The sentence is vacated. The case is remanded to the trial court with directions to conduct a new sentencing hearing in accordance with the views expressed in this opinion.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.

4