Filed 7/1/21  P. v. Pineda CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B309435 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA099581) |
| v. | |
| ASHLEY PINEDA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2017, a jury found Ashley Pineda guilty of second degree robbery (Pen. Code, § 212.5, subd. (c)).[1]  Evidence presented at trial demonstrated Pineda's codefendant, Josefina Pedroza, stole a case of beer from a convenience store, while Pineda waited for Pedroza outside the store.  The store clerk followed Pedroza out of the store and retrieved the case of beer.  As the clerk walked back to the store, Pineda, who was intoxicated, punched him in the back, face, and arm, scratched him, and pulled his shirt, attempting to take the case of beer from him.  Pineda and Pedroza followed the clerk into the store, continuing to strike him and trying to take the beer.  As Pedroza scuffled with the clerk, Pineda took a bottle of champagne and exited the store.  (*People v. Pedroza* (Feb. 6, 2020, B286431) [nonpub. opn.], pp. 2-3, 5-7.)[2]

Pineda admitted she had a prior conviction, a robbery (§ 211), within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(j) & 1170.12, subd. (b)) and the prior serious felony enhancement (§ 667, subd. (a)(1)).  The trial court sentenced her to nine years in prison:  the low term of two years for the robbery offense, doubled to four years for the prior strike conviction, plus five years for the prior serious felony enhancement.

Pineda appealed from the judgment of her conviction, challenging the sufficiency of the evidence supporting the guilty verdict and asserting other claims of trial error, which we rejected.  She also contended the matter must be remanded to the trial court in light of Senate Bill No. 1393 (Stats. 2018, ch. 1013,

---

[1] Undesignated statutory references are to the Penal Code.

[2] Pineda was tried with Pedroza, and they both appealed from the judgment of conviction.

§§ 1-2), which amended section 1385, effective January 1, 2019 (while her appeal was pending), to give trial courts discretion to strike prior serious felony enhancements. We affirmed her robbery conviction and remanded the matter to allow the trial court an opportunity to exercise discretion it did not have at the time it sentenced her, and to determine whether to strike the enhancement imposed under section 667, subdivision (a)(1). (*People v. Pedroza, supra,* B286431, pp. 2, 17-20, 24-25.)

Upon remand, the trial exercised its discretion to strike the five-year prior serious felony enhancement (§ 667, subd. (a)(1)) in furtherance of justice (§ 1385), commenting that the crime was "not really an overly sophisticated robbery," Pineda was an aider and abettor, and she had done "well in custody" (participating in programs). The court resentenced Pineda to six years in prison: the middle term of three years for the robbery offense, doubled to six years for the prior strike conviction. Pineda objected to the court's imposition of the middle term, given the court had imposed the low term at the initial sentencing hearing. The court explained that while it could not impose an aggregate sentence greater than the nine-year total term it had imposed at the initial sentencing hearing, it could impose a longer term for the offense, citing *People v. Baldwin* (2018) 30 Cal.App.5th 648, 657-658 and *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256-1259. The court set forth the reasons it imposed the middle term, as opposed to the low term, including that the "offense involved violence and a threat of great bodily injury," and the victim "was outnumbered."

Pineda filed a timely notice of appeal, and this court appointed counsel for her. After examination of the record, counsel filed an opening brief raising no issues and asking this

court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In her declaration attached to the brief, counsel explained that because Pineda was no longer in prison when she was appointed as appellate counsel, and she did not have an address for Pineda, she was unable to contact Pineda to discuss the appeal and to inform Pineda that she could file a supplemental brief.  Appellate counsel also stated in her declaration that she was unable to send the opening appellate brief and record on appeal to Pineda for the same reason.  In her attempts to locate an address for Pineda, appointed appellate counsel contacted (1) the attorney at the Alternate Public Defender's Office who most recently represented Pineda in the trial court and (2) the parole office in the region where Pineda was paroled.  Appellate counsel sent letters to Pineda at the addresses given to her by trial counsel and the parole office, but the letters were returned.

Our clerk's office contacted the California Department of Corrections and Rehabilitation (CDCR) and was informed that Pineda was paroled on December 7, 2020 (before appellate counsel was appointed), and CDCR had no forwarding address for her.  On May 11, 2021, we sent a letter to Pineda, care of the attorney who most recently represented her in the trial court, and appellate counsel, advising Pineda that within 30 days she could personally submit any contentions or issues she wanted us to consider, and directing appellate counsel to send the record and opening brief to Pineda immediately (to the extent either counsel could locate Pineda).  To date, Pineda has not filed a supplemental brief.

We have examined the entire record and are satisfied that Pineda's appellate counsel has complied with her responsibilities

and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

                                                        CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.