Filed 12/22/21  P. v. Aguayo CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROGELIO CIPRIANO AGUAYO,<br><br>Defendant and Appellant. | A159806<br><br>(Contra Costa County<br>Super. Ct. No.<br>51905959) |

Defendant Rogelio Cipriano Aguayo was convicted of numerous sex offenses, including aggravated sexual assault (rape) of a child under 14 years of age, committed against his 11-year-old daughter (Jane Doe).  He was also convicted of possession of child pornography based on photographs he took of some of his offenses.

On appeal, defendant maintains the evidence does not support his rape conviction, claiming specifically that there is insufficient evidence of sexual penetration.  He also maintains the restitution awarded for noneconomic losses in connection with his child pornography conviction is not authorized by statute and must therefore be stricken.  The Attorney General concedes restitution for a child pornography conviction is not statutorily authorized, but maintains the case should be remanded to allow the trial court to

1

recalculate (i.e., to increase) the restitution awarded in connection with the other convictions.

We conclude no substantial evidence supports defendant's conviction of rape of a child and the unauthorized portion of the restitution award must be stricken.[1]

## BACKGROUND

We set forth only those facts necessary to address the two issues raised on appeal.

Defendant admitted to police that he sexually abused his daughter on several occasions and described many of the acts. He also admitted taking photographs of some of these acts, and police retrieved numerous photographs from defendant's cell phone. The photographs were "pictures of [Doe] that [defendant] took of her in various states of undress and while he was abusing her, sexually." Defendant told police he exchanged some of the photos of Doe for photos of other minors with someone online.

One of the photographs of Doe depicts a penis touching her vagina. Police showed the photograph to defendant, who admitted he had put his penis on Doe's vagina, " 'Skin-to-skin.' " However, he claimed he never put his penis inside Doe's vagina, " 'not one bit.' "

Doe testified defendant put his penis on her vagina. She indicated "I remember feeling his penis on my vagina." Doe did not "really know how to describe" what part of her vagina. She did not recall whether defendant's penis was soft or hard or whether it was moving.

---

[1] This leaves intact defendant's convictions on nine other counts for which he was sentenced to a total prison term of 45 years to life plus a determinate term of 35 years and ordered to pay $800,000 in noneconomic restitution.

Doe also testified defendant took photographs of her while he had his penis on her vagina. A photograph of defendant's penis touching Doe's vagina was admitted in evidence as one of 15 photographs in exhibit 4, consisting of a two-page array of photographs retrieved from defendant's phone.[2]

A jury found defendant guilty of one count of aggravated sexual assault (rape) of a child under 14 years of age (Pen. Code, § 269, subd. (a)(1)),[3] three counts of aggravated sexual assault (oral copulation) with a child under 14 years of age (§ 269, subd. (a)(4)), five counts of committing forcible lewd acts on a child under 14 (§ 288, subd. (b)(1)), and one count of possession of child pornography (§ 311.11, subd. (a)).

The court sentenced defendant to an indeterminate term of 60 years to life, plus a 35-year determinate term. The indeterminate sentence consisted of a term of 15 years to life for each of the four counts of aggravated sexual assault of a child. The court sentenced defendant to the midterm of eight years for each of the five counts of forcible lewd act on a child, with execution of the sentence on one of the counts stayed under section 654. As to the possession of child pornography charge, the court imposed the upper term of three years.

The court also ordered direct victim restitution to Doe for noneconomic losses totaling $1.3 million. Of that amount, the court specifically found $500,000 was for noneconomic loss caused by the child pornography

---

[2] The 15 photographs were not separately identified as they should have been (e.g. 4-a, 4-b, etc.). Accordingly, the record is difficult to decipher as to this pivotal exhibit, and the court has been required to spend far more time sorting through the record than necessary.

[3] All further statutory references are to the Penal Code unless otherwise indicated.

conviction, and $100,000 each for the remaining counts for which execution of sentence was not stayed.

## DISCUSSION

### *Substantial Evidence of Rape*

"In considering this contention we must review the entire record to determine whether a reasonable trier of fact could have found beyond a reasonable doubt that defendant achieved sexual penetration." (*People v. Karsai* (1982) 131 Cal.App.3d 224, 232 (*Karsai*), overruled on another ground in *People v. Jones* (1988) 46 Cal.3d 585, 600, fn. 8.) " 'We review the entire record in the light most favorable to the judgment below to determine whether it discloses sufficient evidence—that is, evidence that is reasonable, credible, and of solid value—supporting the decision, and not whether the evidence proves guilt beyond a reasonable doubt. [Citation.] . . . We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence. [Citation.] If the circumstances reasonably justify the findings made by the trier of fact, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.' " (*People v. Odom* (2016) 244 Cal.App.4th 237, 246, quoting *People v. Jennings* (2010) 50 Cal.4th 616, 638–639.)

Defendant was convicted of violating section 269, subdivision (a)(1), which provides: "Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a child: [¶] (1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261." Violation of section 261 requires that the defendant had "sexual intercourse" with the victim. (§ 261, subd. (a).)

4

" 'Any sexual penetration, however slight, is sufficient to complete the crime' " of rape.  (*Karsai, supra,* 131 Cal.App.3d at p. 232, quoting § 263.)  "The penetration which is required is sexual penetration and not vaginal penetration.  Penetration of the external genital organs is sufficient to constitute sexual penetration and to complete the crime of rape even if the rapist does not thereafter succeed in penetrating into the vagina." (*Karsai,* at p. 232.)

Moreover, a " 'genital' opening is not synonymous with a 'vaginal' opening. . . .  The vagina is only one part of the female genitalia, which also include inter alia the labia majora, labia minora, and the clitoris.  (Stedman's Medical Dict., [(26th ed. 1995)] pp. 1257–1258, 1954. . . .)  [Citation.]  Thus, 'genital' opening does not necessarily mean 'vaginal' opening." (*People v. Quintana* (2001) 89 Cal.App.4th 1362, 1367.)

The parties do not dispute that defendant touched Doe's vagina with his penis, as Doe (who was 11 years old at the time) testified.  Nor do the parties dispute that one of the 14 photos in exhibit 4 is a picture of that touching.  There also is no dispute that Doe did not testify that penetration occurred,[4] and that defendant denied that any penetration occurred during his interview with police (and during which he was asked about the photos in exhibit 4).

Thus, as both defendant and the Attorney General recognize, the only evidence other than defendant's statement to police pertaining to penetration, is the single cell phone photo included in the array that comprises exhibit 4.  Defendant claims the "photograph does not show any

---

[4]  The prosecutor asked no specific questions about whether penetration occurred and made no use of any anatomic model during questioning which might have provided clarification and facilitated more detailed answers.

penetration at all." The Attorney General maintains "the jury could have viewed the photograph of [defendant's] penis 'touching' [Doe's] vagina and reasonably concluded that it was actually inside [Doe's] vagina; indeed, we doubt a reasonable factfinder would have concluded otherwise." (Italics omitted.)

The court has carefully reviewed exhibit 4. We first observe that exhibit 4 consists of two pages. On the first page, there are copies of nine photographs, and on the second page there are copies of six photographs. The 15 photographs are each about two inches by two inches in size. None of them is individually numbered or labeled. And many are obscured by shadow in varying degrees.

During Detective Norvell's July 18, 2018 interview of defendant, he showed defendant exhibit 4, and asked him to "verify what these are." Defendant readily acknowledged the photographs depicted Doe, and admitted he was the individual in the photographs committing sexual acts on Doe. Defendant signed and dated the bottom of both pages of photographs. Although the particular photograph at issue in the exhibit is not identified, defendant admitted one of the photos depicts "my penis against her vagina." He also stated he "did not put [his] penis inside her."

From what we can discern from the record, the photo at issue is the one on the bottom left of page two of exhibit 4. Although the photograph clearly shows a vagina, the bottom left side of the photo is very dark, and without defendant's admission in the interview that an unidentified photograph depicted his penis against Doe's vagina, it is not clear that there is a penis in the photo. And even assuming the dark area is a penis, the photo is not of sufficient clarity to show penetration, even as broadly defined by the law.

6

We therefore disagree with the Attorney General that "the jury could have viewed the photograph of [defendant's] penis 'touching' [Doe's] vagina and reasonably concluded that it was actually inside [Doe's] vagina." (Italics omitted.) We conclude no reasonable trier of fact could have found beyond a reasonable doubt that defendant made sexual penetration based on the unclear photograph in exhibit 4, and therefore reverse defendant's conviction on the rape count.

"[T]rial courts are, and should be, afforded discretion by rule and statute to reconsider an entire sentencing structure in multicount cases where a portion of the original verdict and resulting sentence has been vacated by a higher court." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258 (*Burbine*).) *Burbine* rejected the claim "that even where the judgment is reversed as to one count, the trial court on remand does not regain jurisdiction to modify the sentence imposed for counts that were affirmed on appeal." (*Id*. at p. 1257.) *Burbine* held otherwise: "the trial judge's original sentencing choices did not constrain him or her from imposing any sentence permitted under the applicable statutes and rules on remand, subject only to the limitation that the aggregate prison term could not be increased." (*Id*. at p. 1256.)

Accordingly, we reverse the conviction of section 269, subdivision (a)(1) and remand for resentencing to allow the trial court "to reconsider [the] entire sentencing structure. . . ." (*Burbine, supra,* 106 Cal.App.4th at p. 1258.)

### *Restitution*

As we have recited, the trial court ordered defendant to pay direct victim restitution for noneconomic losses totaling $1.3 million. The court awarded $500,000 of that amount specifically for noneconomic losses caused

by defendant's exchanging the pornographic photo of Doe with someone he communicated with online. Defendant challenges the restitution awarded for child pornography on the ground it is not authorized under section 1202.4, subdivision (f)(3)(F).

Section 1202.4 authorizes trial courts to order direct victim restitution for "[n]oneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288, 288.5, or 288.7." (§ 1202.4, subd. (f)(3)(F).) The Attorney General concedes that a violation of section 311.11 for possession of child pornography "does not require a violation of section 288 and therefore falls outside the noneconomic restitution provisions of section 1202.4, subdivision (f)(3)(F)."

The parties differ as to the appropriate remedy. Defendant asserts the restitution awarded for child pornography should be stricken because "the trial court had no discretion to authorize the $500,000 noneconomic loss restitution award." (Italics omitted.) The Attorney General maintains the matter should be remanded as to restitution "so that the trial court can exercise its discretion to recalculate a new victim restitution award."

At the sentencing hearing, the court awarded restitution as follows: "For . . . Count 11, the pornography distribution, I'm going to award $500,000 for that count alone. And then I will award $100,000 for each incident that isn't 654. So that, I believe, would be an additional $800,000 for a total of 1.3 million dollars. I mean, honestly, the sending out pictures of your daughter is just so beyond heinous that it can never be compensated."

"It is a sticky area for us in criminal law, and I know it has to be rational and fact-based, and I will say this is the first time I've had a father molest his 11-year-old daughter, take pictures, and exchange them on the Internet with other, for lack of a better term, perverts, so I think knowing

that he did that to his daughter is worth at least half a million dollars.  And the acts that he committed against her at her young age, the position that he put her in in those regards, I am basing on eight separate acts and I find $100,000 for each one of those acts to be reasonable given what I have observed."

Contrary to what the Attorney General urges, this is not a case where the trial court failed to exercise its discretion.  Rather, the trial court committed legal error by awarding restitution for a crime for which it is not statutorily available.

What the Attorney General is effectively asking us to do is remand so the trial court can vacate the $800,000 in restitution for noneconomic losses it awarded for the eight other sex crimes for which such restitution is authorized, and re-award not only that amount but another $500,000 for *those* crimes to make up for the fact the latter amount can not be awarded as restitution for child pornography.

The difficulty with the Attorney General's position is that it assumes the trial court, as to the other eight sex crimes, did not—contrary to the mandate of the restitution statute—order "full restitution" for "each loss to which it pertains."  (§ 1202.4, subds. (f), (f)(3).)  There is no basis in this record, however, to assume the trial court did not comply with its statutory obligation and that its award of $100,000 in noneconomic losses for each of the other eight sex crimes did not constitute the court's determination as to the amount "sufficient to fully reimburse the victim" "for each loss to which it pertains."  (§ 1202.4, subd. (f)(3).)

We therefore correct the legal error the trial court made in awarding restitution for noneconomic losses resulting from defendant's violation of

section 311.11, subdivision (a) and reverse the $500,000 in noneconomic restitution awarded for that crime.

## DISPOSITION

Defendant's conviction in count 1 of aggravated sexual assault of a child (rape) under section 269, subdivision (a)(1) is reversed, and the matter is remanded for resentencing. The $500,000 in direct victim restitution award for child pornography is reversed and that amount is ordered stricken from the restitution award. In all other respects, the judgment is affirmed.

_____
Banke, J.

We concur:


_____
Margulies, Acting P.J.


_____
Sanchez, J.

A159806, People v. Aguayo

11