Filed 4/27/21  P. v. Ross CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090518 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF18-6265) |
| v. | |
| LARRY DARNELL ROSS, SR., | |
| Defendant and Appellant. | |

Defendant Larry Darnell Ross, Sr., appeals a judgment following a jury's determination that he committed one count of possession of cocaine base for sale (Health & Saf. Code, § 11351.5) and one count of possession of a controlled substance in jail (Pen Code, § 4573.6),[1] as well as findings that defendant had a prior strike (§ 667, subds.

---

[1]     Undesignated statutory references are to the Penal Code.

1

(c), (e)(1)) and had served two prior prison terms (§ 667.5, subd. (b)), for which defendant received an aggregate prison term of eight years.

On appeal, defendant raises three challenges to his sentence. First, he seeks relief in light of the passage of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), which would eliminate his two 1-year prior prison term enhancements. Second, defendant asks that we stay his concurrent prison term pursuant to section 654. Finally, defendant argues the trial court abused its discretion in failing to strike his prior strike at sentencing.

We agree that defendant is entitled to relief under Senate Bill 136 (2019-2020 Reg. Sess.), requiring remand for resentencing. In light of this determination, we will direct the trial court to allow defendant to present his section 654 claim on remand. Finding no merit in defendant's remaining contention, the judgment is otherwise affirmed.

BACKGROUND

The People's April 26, 2019 information charged defendant with possession of cocaine base for sale (Health & Saf. Code, § 11351.5; count 1), possession of a controlled substance in jail (§ 4573.6; count 2), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3), unlawful possession of ammunition (§ 30305, subd. (a); counts 4 & 5), and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 6). The information alleged that defendant had a prior strike (§ 667, subds. (c), (e)(1)) and two prison priors (§ 667.5, subd. (b)). Defendant pleaded not guilty and denied all special allegations.

Thereafter, the matter was tried to a jury. The People presented the testimony of Yolo County Sheriff's Deputy Gary Richter, who was on patrol when he noticed a car pulling into a closed water park. Deputy Richter investigated, discovering defendant and another individual in the car. A probation search of defendant revealed a pocketknife and cell phone. Deputy Richter detained defendant and his passenger, Ms. Edwards, with

2

handcuffs and placed them both in the back of the patrol car.  Richter then searched the car.  This search revealed a digital scale on the floor in front of the driver's seat, a used glass methamphetamine pipe in a jacket in the backseat, another used methamphetamine pipe in a men's toiletry kit, and in the trunk of the car, a nine-millimeter pistol, loaded magazine, and live ammunition all hidden within a backpack.  Defendant did not own the car and had borrowed it from an individual several days before.  No fingerprints were found on the gun or the ammunition in the magazine.

While Deputy Richter searched the car, a video of the backseat of the patrol car captured defendant telling Ms. Edwards to get his "stuff," and directing her where that stuff was.  As the search continued, Ms. Edwards attempted to reach something with her hand and at one point reached down with her mouth for approximately 10 to 15 seconds.  This video was played for the jury and was admitted into evidence.

After the search, Deputy Richter "Mirandized"[2] defendant and obtained a waiver.  He then asked defendant whether he had any illegal drugs on him, which defendant denied.  Defendant also denied knowing about any methamphetamine pipes and denied the gun was his.  At that point, defendant spoke clearly and was easy to understand.  Richter testified that he warns all arrested individuals it would be a second felony to bring contraband into the jail.  On the way to jail, Richter again asked defendant whether he had drugs, and defendant denied having anything.

Once at the jail, booking staff asked defendant questions related to the booking process, and Deputy Richter noticed defendant's speech had become more difficult to understand and was like someone speaking with his "mouth full."  Suspecting defendant may be hiding something in his mouth, Richter asked staff to search defendant, resulting in the discovery of a plastic bag with 15 individual bindles of cocaine base in defendant's

---

**2**      *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

mouth. The weight of the contents of these bindles ranged between 0.08 and 0.23 grams. Methamphetamine and marijuana were subsequently found on Ms. Edwards.

Deputy Richter was designated an expert in "possession for sale of cocaine base, also known as crack cocaine." Richter opined that having cocaine base without the personal tools for using crack cocaine would support possession for sale. Breaking up drugs into sealed bindles of amounts commonly sold is one way of prepackaging narcotics for sale and would be incompatible with personal use. Further, Richter believed text messages on defendant's cell phone were related to the sale of narcotics. Richter opined if a person had such text messages, a digital scale, the 15 bindles of varying weights of cocaine base, the lack of tools to personally use the crack cocaine, and access to a gun, that person would possess the cocaine base to sell it. Richter's investigation confirmed his belief that defendant was selling crack cocaine. The parties stipulated defendant was prohibited from possessing a gun or ammunition.

During closing arguments, the attorneys focused on which individual originally had the cocaine bindles in the rear of Deputy Richter's patrol car: defendant or Ms. Edwards. The People argued the video depicted defendant instructing Ms. Edwards to retrieve his "stuff" (drugs) and providing the location of the drugs, thus, defendant had originally possessed the drugs. Defendant countered that the drugs belonged to Ms. Edwards, who was found to be in possession of methamphetamine and marijuana when she was processed at jail. Defendant only took possession of her drugs in the back of the car in an attempt to help her. In reply, the People stressed that the video showed defendant directing Ms. Edwards, nothing on the video indicated that the drugs belonged to Edwards, and that Deputy Richter failed to discover drugs on Edwards, suggesting that he also could have missed the drugs on defendant.

The jury found defendant guilty of counts 1 and 2, but not guilty of the remaining counts. In a bifurcated proceeding, the jury found all alleged enhancements were true.

4

On September 27, 2019, defendant was sentenced to an aggregate prison term of eight years. The court set the possession of cocaine base for sale, count 1, as the principal term and imposed the midterm of three years, doubled to six because of the prior strike. The court then imposed a concurrent term of three years, doubled to six because of the prior strike on count 2, possession of a controlled substance in jail. The court further imposed two 1-year terms for each of defendant's prior prison terms. The court awarded defendant 39 actual days plus 38 conduct days for a total of 77 days of custody credits. Defendant timely appealed.

DISCUSSION

I

*Senate Bill 136 (2019-2020 Reg. Sess.)*

In October 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.), which amended section 667.5 effective January 1, 2020 (Stats. 2019, ch. 590, § 1). Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) The amendment applies "retroactively to all defendants whose judgments are not yet final as of [January 1, 2020]." (*People v. Petri* (2020) 45 Cal.App.5th 82, 94.)

As the People concede, defendant is entitled to have his two 1-year prior prison term enhancements stricken. Defendant's case was not yet final on Senate Bill 136's effective date and his two prior prison term enhancements were not based on prior terms for sexually violent offenses.[3] Because defendant received the midterm at sentencing, it

---

[3] Defendant's prior prison terms were for inflicting corporal injury on a spouse or cohabitant with an enhancement for personally inflicting great bodily injury (§§ 273.5, subd. (a), 12022.7, subd. (e)), and importing, transporting, or selling cocaine base (Health & Saf. Code, § 11352).

5

is appropriate to remand this matter for resentencing. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [remanding for resentencing following striking of enhancements in light of Senate Bill 136]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 [recognizing remand for full resentencing occurs when part of sentence is stricken on review to allow court to reconsider its discretionary sentencing choices].) While we remand for resentencing, we observe that constitutional requirements preclude any resentencing that increases defendant's aggregate prison term from that originally imposed. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258-1259 ["the aggregate prison term imposed for all of the surviving counts cannot be increased on remand"].)

## II

### *Penal Code Section 654*

As the Supreme Court explained in *People v. Harrison* (1989) 48 Cal.3d 321: "It is well settled that section 654 protects against multiple punishment, not multiple conviction. [Citation.] The statute itself literally applies only where such punishment arises out of multiple statutory violations produced by the 'same act or omission.' [Citation.] However, because the statute is intended to ensure that defendant is punished 'commensurate with his culpability' [citation], its protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' [Citation.]

"It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.] We have traditionally observed that if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.) [¶] If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each

6

objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' [Citation.]" (*People v. Harrison, supra*, 48 Cal.3d at p. 335.)

Defendant argues we must stay his concurrent prison term for possession of a controlled substance in jail (§ 4573.6) because it is prohibited by section 654. However, defendant did not seek section 654 relief in the trial court. While this does not preclude his claim on appeal (*People v. Brents* (2012) 53 Cal.4th 599, 618 [sentence imposed in contravention of section 654 is unauthorized and thus subject to correction at any time]), because we already must remand the matter for a full resentencing, we find it appropriate to allow the trial court to consider this issue in the first instance. (See, e.g., *People v. Jones* (2002) 103 Cal.App.4th 1139, 1143 [recognizing the application of section 654 is a question of fact for the trial which is subject to substantial evidence review on appeal].) The appropriateness of this action is underscored by the failure of either party to seek the inclusion in the record on appeal of People's exhibit 13, the video from the backseat of Deputy Richter's patrol car, which may be central to the proper determination of this claim. Accordingly, we will direct the trial court to allow defendant to present his section 654 arguments on remand.

### III

### *The* Romero *Motion*

Defendant argues the trial court abused its discretion in failing to strike his prior strike at sentencing under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. We disagree.

In denying defendant's motion at the sentencing hearing, the trial court stated: "I have looked at all the factors I must analyze under Romero, and I do not find that [defendant] is an appropriate candidate for the 1385 Romero, so that is denied."

The trial court has wide discretion in determining whether to strike a strike under *Romero* and must decide "whether, in light of the nature and circumstances of his present

7

felonies and prior serious and/or violent convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  We review the decision to deny a motion to dismiss a prior strike for an abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 371, 375 (*Carmony*).)

As our high court explained in *Carmony*, "In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." '  [Citations.]  Second, a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " '  [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at pp. 376-377.)

Defendant has not established the trial court's decision not to strike his prior strike was "so irrational or arbitrary that no reasonable person could agree with it."  (*Carmony, supra*, 33 Cal.4th at pp. 376-377.)  On the contrary, while defendant had health problems and a history of drug abuse, he also had a lengthy criminal history dating back decades with his only respites from that criminal activity appearing to occur while he was incarcerated.  Accordingly, defendant has failed to meet his burden on appeal.

## DISPOSITION

The matter is remanded with directions for the trial court to resentence defendant in light of the changes made by Senate Bill 136 (2019-2020 Reg. Sess.), including

striking defendant's two prior prison term enhancements.  The trial court also is directed to consider any section 654 motion that defendant may wish to present.  The judgment is otherwise affirmed.


                                        KRAUSE          , J.



We concur:



        MAURO          , Acting P. J.



        RENNER          , J.


9